# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2386

_____

United States of America,     *
                                      *

        Plaintiff - Appellee,     *

                                      *    Appeal from the United States

    v.                              *    District Court for the Southern

                                      *    District of Iowa.

Bert Howard Clark,          *

                                      *

        Defendant - Appellant.     *

_____

Submitted: February 9, 2009
Filed: April 27, 2009

_____

Before LOKEN, Chief Judge, MELLOY and BENTON, Circuit Judges.

_____

MELLOY, Circuit Judge.

Bert Howard Clark appeals following the district court's[1] downward amendment of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive amendments to the crack-cocaine guidelines. See U.S. Sentencing Guidelines Manual § 2D1.1 & app. C, amends. 706, 711, & 714. We affirm.

In 2003, a jury convicted Clark of conspiring to distribute crack cocaine based on his participation in a distribution ring that operated in the Quad Cities from 1999

_____

[1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

to 2002. The jury found him responsible for between five and fifty grams of crack cocaine. At Clark's initial sentencing, over the government's objection, the district court based the then-mandatory Guidelines range on a drug quantity that was within the jury-determined drug-quantity range rather than on a substantially larger drug quantity that the government attributed to the conspirators. The high end of the initial sentencing range was 151 months, and the district court imposed a 151-month sentence. At the initial sentencing, the district court and Clark himself acknowledged that this sentence represented a "big break."

Following the Sentencing Commission's retroactive amendments to the crack-cocaine guidelines, Clark moved for a sentence reduction. The district court determined that the recalculated Guidelines range was 97 to 121 months and reduced his sentence to 121 months' imprisonment.

On appeal, Clark argues that the district court failed to adequately consider or explain its application of the sentencing factors contained in 18 U.S.C. § 3553(a). In addition, he argues that the district court failed to recognize the full extent of its discretion as provided in Kimbrough v. United States, 128 S. Ct. 558 (2007) and United States v. Booker, 543 U.S. 220 (2005).

We recently reiterated our position that the modification of a defendant's sentence pursuant to § 3582(c)(2) does not constitute a full resentencing. See United States v. Starks, 551 F.3d 839, 841 (8th Cir. 2009) ("[T]here are clear and significant differences between original sentencing proceedings and sentence modification proceedings." (quotation omitted)); see also U.S.S.G. § 1B1.10(a)(3) ("[P]roceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant."). In Starks, we rejected a Booker-based challenge from a defendant who argued that § 3553(a) authorized the reduction of an initial, within-Guidelines-range sentence to a sentence below an amended and recalculated Guidelines range under § 3582(c)(2). Starks, 551 F.3d at 840–43. We held that the

relevant Guidelines sections precluded such an amendment, and we emphasized that, because the Supreme Court in <u>Booker</u> had not vacated the statutory basis for sentence modifications, § 3582(c) remained the separate, statutory source of authority for sentence modifications. <u>Id.</u> at 842 ("This section was not excised, or even mentioned, in <u>Booker</u>."); <u>see also</u> <u>United States v. Jones</u>, No. 08-2996, 2009 WL 982161, at *2 (8th Cir. Apr. 14, 2009) (unpublished) ("[I]n enacting § 3582(c) Congress limited the authority of a district court to modify a sentence."). Accordingly, our precedent requires that we reject Clark's <u>Kimbrough</u>- and <u>Booker</u>-based challenges.

That having been said, § 3553(a) still plays a role in sentence modification proceedings under § 3582(c). <u>See</u> U.S.S.G. § 1B1.10 cmt. (n.1(B)(i)) ("Consistent with § 3582(c)(2), the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b)."). Although the Sentencing Guidelines and <u>Starks</u> make clear that a defendant such as Clark is not entitled to have his sentence amended to a term of years below his newly determined Guidelines range, the relevant § 3553(a) factors still guide the decision to modify a sentence and the selection of an appropriate, amended sentence within the new range. In fact, Clark argues primarily that he should have received a lower, but within-range, sentence under § 3582(c) and that the district court did not adequately explain its application of the § 3553(a) sentencing factors in reaching its amendment decision.

Based on the district court's statements at Clark's initial sentencing and its determination that sentences at the top of the respective Guidelines ranges were appropriate following both the initial sentencing and the § 3582 proceedings, we believe the court fully considered and more than adequately addressed the relevant § 3553(a) factors. Given the particular circumstances of Clark's case and the substantial benefit the district court viewed Clark as having received at the initial sentencing, it is readily apparent that the district court was intimately familiar with the

facts and arguments relevant to Clark's situation. We, like the Supreme Court, repeatedly have rejected arguments challenging the sufficiency of sentencing courts' discussions of relevant factors in the context of full sentencing proceedings. See, e.g., Rita v. United States, 127 S. Ct. 2456, 2468 (2007) ("[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation."); United States v. Jones, 509 F.3d 911, 915 (8th Cir. 2007) (acknowledging that the district court need not "categorically rehearse" all of the § 3553(a) factors). Simply put, we do not require lengthy explanations from district courts in the context of initial sentencings, especially when the courts elect to impose within-range sentences. We find no compelling basis to demand more from courts when amending sentences pursuant to § 3582(c).

In so concluding, we highlight several facts that undercut Clark's challenge regarding the brevity of the court's explanation for his amended sentence. First, as explained above, a § 3582(c) sentence modification proceeding is not a full resentencing, and Clark identifies no authority suggesting a need for courts to discuss sentencing rationales in greater depth in the context of amendments as compared to initial sentencings. Second, any possible amendment in a case like Clark's necessarily is constrained within an amended Guidelines range. And third, an initial sentencing court has already once considered and provided an adequate explanation of the § 3553(a) factors by the time a defendant seeks an amendment. Accordingly, we find no basis for demanding that a district court provide a more lengthy explanation under § 3582(c) than we require upon initial sentencing, and we are confident that the district court adequately considered the factors relevant to Clark's sentence modification.

We affirm the judgment of the district court.

_____