# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3278

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Tiewyon Wiley, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: June 8, 2009
Filed: June 18, 2009

_____

Before BYE, HANSEN, and BENTON, Circuit Judges.

_____

PER CURIAM.

In 1999, Tiewyon Wiley pleaded guilty to three cocaine base (crack cocaine) offenses in violation of 21 U.S.C. § 841(a), a felon in possession of a firearm offense in violation of 18 U.S.C. § 922(g)(1), and an offense for carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c). The district court[1] sentenced him to a term of 260 months imprisonment, comprised of a 200-month sentence for the crack cocaine offenses, a concurrent 120-month sentence for the felon in possession offense, and a consecutive 60-month sentence for the § 924(c) offense.

_____

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

The 200-month sentence for the crack cocaine offenses fell at the 76th percentile of the applicable Guidelines range of 168-210 months. Part of the reason the district court gave for selecting the sentence was that Wiley "fired his weapon at a law enforcement official" during an undercover buy.

In 2008, Wiley moved for a reduction in his sentence under 18 U.S.C. § 3582(c) based on Amendment 706 to the Guidelines, which reduced the base offense level for crack cocaine offenses by two levels. The amended Guidelines range for Wiley's crack cocaine offenses thus became 135-168 months. The government requested an amended sentence of 220 months, comprised of a 160-month sentence on the crack cocaine offenses, a concurrent 120-month sentence for the felon in possession offense, and a consecutive 60-month sentence for the § 924(c) offense. The government reasoned the 160-month sentence for the crack cocaine offenses fell at the 76th percentile of the amended Guidelines range and "would be consistent proportionally to the previous sentence imposed by the Court." The district court imposed an amended sentence of 220 months without elaborating on its reasons.

Wiley appeals his amended sentence contending the district court erred by failing to elaborate on its reasons for selecting a sentence near the high end of the amended Guidelines range, and by failing to consider or explain its application of the sentencing factors in 18 U.S.C. § 3553(a). In particular, Wiley contends the district court was required to apply the § 3553(a) factors to the rehabilitative progress Wiley demonstrated during his incarceration.

We reject Wiley's specific claim that the district court was *required* to consider post-sentencing rehabilitative progress in a § 3582(c)(2) resentencing proceeding. Rather, as the Guidelines make clear, this decision is within the court's discretion. "The court *may* consider post-sentencing conduct of the defendant[.]" U.S. Sentencing Guidelines Manual § 1B1.10 cmt. n.1(b)(iii) (emphasis added).

To the extent Wiley challenges the brevity of the reasons the district court gave for imposing the amended sentence, we conclude the district court's selection of a sentence that was proportionally consistent with the original sentence (i.e., both sentences were at the 76th percentile of the applicable Guidelines range), coupled with the reasons the district court gave for imposing the original sentence, sufficiently explain the amended sentence. "Simply put, we do not require lengthy explanations from district courts in the context of initial sentencings, especially when the courts elect to impose within-range sentences. We find no compelling basis to demand more from courts when amending sentences pursuant to § 3582(c)." United States v. Clark, 563 F.3d 722, 725 (8th Cir. 2009) (affirming an amended sentence at the high end of the amended Guidelines range where the original sentence was also at the high end of the Guidelines range, and the district court provided an adequate explanation of the § 3553(a) factors and gave the reasons for selecting its sentence at the original sentencing hearing).

We affirm the judgment of the district court.

_____