**UNITED STATES of America, Appellee,**

v.

**Otis PENELTON, Appellant.**

No. 08–3013.

United States Court of Appeals, Eighth Circuit.

Submitted: July 2, 2009.

Filed: July 8, 2009.

Before RILEY, SMITH, and BENTON, Circuit Judges.

PER CURIAM.

In 2004, Otis Penelton (Penelton) pled guilty to distributing cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The district court[1] sentenced him to 165 months imprisonment and 3 years of supervised release. The sentence represented a 13% reduction from the bottom of the applicable advisory United States Sentencing Guidelines range of 188–235 months. In August 2008 Penelton moved for a reduction in his sentence under 18 U.S.C. § 3582(c)(2), based on Amendment 706 to the Guidelines, which retroactively lowered the base offense level for crack offenses. The amended Guidelines range for Penelton's crack offenses was 151–188 months. The district court granted the section 3582(c)(2) motion and applied the same 13% reduction from the bottom of the amended Guidelines range to reach a revised sentence of 132 months in prison. Penelton appeals his sentence, arguing the reduction should have been greater and the sentence more fully explained. The government does not appeal.

We find no error in the district court's refusal to consider a further reduction in Penelton's sentence. *See* U.S.S.G. § 1B1.10(b)(2)(A)–(B) (2008) (explaining the district court may not sentence a defendant to a modified term "less than the minimum of the amended guideline range" except to impose a reduction comparable to the one imposed at the original sentencing); *United States v. Starks*, 551 F.3d 839, 843 (8th Cir.2009), *cert. denied*, — U.S. ——, 129 S.Ct. 2746, 174 L.Ed.2d 257 (2009). Further, the district court was not required to provide Penelton a detailed explanation of its reasons for imposing the sentence it did. *See United States v. Clark*, 563 F.3d 722, 724–25 (8th Cir.2009) (concluding a lengthy explanation of the application of the sentencing factors and reasons for a sentence is not required in a § 3582(c)(2) proceeding).

---

1. The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

350

We grant counsel's motion to withdraw, and we affirm the sentence of the district court.