# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2496

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Plaintiff - Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the Eastern |
| | * District of Missouri. |
| Mark A. Geralds, also known as Hanif, | * |
| | * [UNPUBLISHED] |
| Defendant - Appellant. | * |

_____

Submitted: May 11, 2009
Filed: July 30, 2009

_____

Before WOLLMAN, JOHN R. GIBSON, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Mark Geralds appeals from his resentencing conducted pursuant to 18 U.S.C. § 3582(c)(2), which amended the crack cocaine Guidelines. We affirm.

Geralds pled guilty to knowingly attempting to possess with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. A sentencing hearing was held before the Honorable Stephen N. Limbaugh, Sr.,[1] at which the government called several witnesses and Geralds testified. Shortly thereafter, Judge

_____

[1]The Honorable Stephen N. Limbaugh, Sr., United States District Judge for the Eastern District of Missouri, now retired.

Limbaugh took senior status and the case was reassigned to the Honorable Catherine D. Perry. After reviewing a transcript of the sentencing hearing held before Judge Limbaugh, Judge Perry conducted a second sentencing hearing and sentenced Geralds to 360 months' imprisonment. Geralds appealed, and this court reversed and remanded his sentence with instructions that either Judge Limbaugh should conduct the sentencing or the testimony presented at the first sentencing hearing should be presented to Judge Perry prior to resentencing.

On remand, Judge Limbaugh conducting the resentencing. Judge Limbaugh concluded that Geralds was responsible for a drug quantity amount of at least 500 grams of cocaine base (crack), but less than 1.5 kilograms, and set Geralds's base Guidelines offense level at 36. The court then added two levels for use of a firearm in connection with the offense and granted a two level reduction for acceptance of responsibility, resulting in a total offense level of 36. Geralds was determined to have a criminal history category of V, resulting in a recommended Guidelines range of 292 to 365 months' imprisonment. After discussing the § 3553(a) factors, the court sentenced Geralds to 330 months' imprisonment, roughly the middle of his Guidelines range. Geralds again appealed his sentence and this court affirmed.

After the Sentencing Commission retroactively amended the crack cocaine Guidelines, Geralds filed a motion for a reduction of sentence. See 18 U.S.C. § 3582(c)(2). The district court granted his motion and calculated his amended Guidelines range as 235 to 293 months. The district court once again sentenced Geralds to a middle-of-the-range sentence of 260 months' imprisonment. Geralds appeals this latest sentence, arguing that the district court erred by failing to fully consider the required factors under 18 U.S.C. § 3553(a).

We recently addressed a similar claim in United States v. Clark, 563 F.3d 722 (8th Cir. 2009). In Clark, we explained that "the modification of a defendant's sentence pursuant to § 3582(c)(2) does not constitute a full resentencing." Id. at 724.

The § 3553(a) factors, however, still play "a role in sentence modification proceedings under 3582(c)" and "still guide the decision to modify a sentence and the selection of an appropriate, amended sentence within the new range." Id. We then went on to approve the district court's decision to modify the original top-of-the-range sentence to a sentence at the top of the defendant's new Guidelines range. In so doing, we reiterated that: (1) "a § 3582(c)(2) sentence modification proceeding is not a full resentencing;" (2) "any possible amendment in a case like [the defendant's] is constrained within an amended Guidelines range;" and (3) "an initial sentencing court had already once considered and provided an adequate explanation of the § 3553(a) factors by the time a defendant seeks amendment." Id. at 725.

These same considerations instruct our decision here. Geralds was last sentenced in the middle of his Guidelines range; a sentence that was affirmed by this court. After granting his motion for a reduction of sentence based on § 3582(c)(2), the district court once again sentenced Geralds to the middle of his amended Guidelines range. The district court was intimately familiar with the circumstances surrounding Geralds's case and had previously had occasion to explain its decision to sentence Geralds in the middle of the Guidelines. "Based on the district court's statements at [Geralds's] initial sentencing and its determination that sentences [in the middle] of the respective Guidelines ranges were appropriate following both the [previous] sentencing and the § 3582 proceedings, we believe the court fully considered and more than adequately addressed the relevant § 3553(a) factors." Id. 563 F.3d at 724-25. The district court did not err.

We affirm the judgment of the district court.

_____