NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0724n.06

No. 07-3803

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

**FILED**
**Nov 05, 2009**
LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

LASHAWN MONCRIEF,

    Defendant - Appellant.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF OHIO

_____/

Before: MARTIN, ROGERS, and COOK, Circuit Judges.

BOYCE F. MARTIN, JR., Circuit Judge. Lashawn Moncrief appeals the district court's failure to grant a Rule 29 motion for acquittal on Count 32 of the indictment, but Moncrief waived this claim at trial. Moncrief also challenges his sentence based upon the crack/powder cocaine disparity. For the following reasons, we **AFFIRM** the judgment of the district court.

**I.**

On June 14, 2006, the grand jury returned a 49-count indictment against Moncrief and his co-defendants for activities related to the possession and sale of crack cocaine within 1,000 feet of a public school. Moncrief was charged with Count 1, conspiracy to possess with intent to distribute and to distribute more than 50 grams of crack in violation of 21 U.S.C. § 846; and Count 32,

possession with intent to distribute approximately 16.43 grams of crack in violation 21 U.S.C. § 841(a)(1) and (b)(1)(B).

At trial, counsel for Moncrief did not move for judgment of acquittal pursuant to Rule 29 on Count 32 at the end of the government's case, instead stating that "with respect to Count 32, I guess, looking at the evidence most favorable, you may be able to find that he was involved." The court still considered and denied a Rule 29 dismissal on Count 32. The jury found Moncrief guilty of Count 32.

The U.S. Probation Office prepared a presentence report and calculated Moncrief's criminal history category at IV and his adjusted base offense level at 28. Although his advisory guideline sentencing range was 110-137 months, Campbell faced a mandatory minimum of 120 months, so the range became 120-137 months. U.S.S.G. § 5G1.1(c)(2).

At the June 5, 2007 sentencing, Moncrief did not object to the calculations in the presentence report, but he apologized for his actions and his counsel spoke to the court of Moncrief's background and requested that Moncrief be sentenced to the mandatory minimum of 120 months. Moncrief did not ask for a variance based on the disparate treatment in the Guidelines relating to crack and powder cocaine.

The court sentenced him to a term of 126 months followed by eight years of supervised release. Before sentencing Moncrief, the court emphasized that he had engaged in drug activity at a protected location: near a public school. In sentencing Moncrief, the court stated:

> The Court does, in fact, find the sentence to be reasonable. It is a sentence within the advisory Guideline range. In fact, it is a sentence toward the lower end of the range. I have considered all of the 3553(a) factors.

Moncrief timely appealed.

## II.

### A.      Rule 29 Motion

We review *de novo* a district court's refusal to grant a motion for judgment of acquittal. *United States v. Lee*, 359 F.3d 412, 418-19 (6th Cir. 2004) (citations omitted).  We must determine "'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).  "Substantial and competent" circumstantial evidence alone may support a verdict and need not "remove every reasonable hypothesis except that of guilt."  *United States v. Stone*, 748 F.2d 361, 363 (6th Cir. 1984).

A defendant's failure to renew a Rule 29 motion for judgement of acquittal at the close of all evidence constitutes a forfeiture of an objection to the sufficiency of the evidence.  *United States v. Williams*, 940 F.2d 176, 180 (6th Cir. 1991) (citing *United States v. Faymore*, 736 F.2d 328, 334 (6th Cir.), *cert. denied*, 469 U.S. 868 (1984)).  Absent a showing of a manifest miscarriage of justice, this Court will not review a district court's denial of a Rule 29 motion where a defendant does not renew that motion at the close of all the evidence.  *Id.*  Additionally, this Court's hesitancy "to disturb a jury verdict applies with even greater force when a motion of acquittal has been thoroughly considered and subsequently denied by the trial judge."  *Lee*, 359 F.3d at 418-19 (quoting *United States v. Orrico*, 599 F.2d 113, 116 (6th Cir. 1979).  However, when a specific motion is made, grounds not raised in the motion are waived.  *United States v. Wesley*, 417 F.3d 612, 617 (6th Cir. 2005).

In this case, Moncrief's counsel did not move for judgment of acquittal pursuant to Rule 29 on Count 32 at the end of the government's case, instead stating that "with respect to Count 32, I guess, looking at the evidence most favorable, you may be able to find that he was involved." In doing so, he forfeited any Rule 29 challenge. Despite this, the district court still considered a Rule 29 motion for Moncrief on Count 32 and denied it.[1] Nevertheless, as he failed to move with respect to Count 32, Moncrief has waived any Rule 29 challenge. Finding no miscarriage of justice in the court's decision not to grant a Rule 29 motion, there is no reason to grant review of the sufficiency of the evidence upon appeal. We thus **AFFIRM** the district court's decision not to grant Moncrief's Rule 29 motion.

### B.     Unreasonable Sentence Under Section 3553(a)

Moncrief argues that the court issued an unreasonable sentence and failed to consider pertinent Section 3553(a) factors. The standard of review for sentencing determinations is abuse of discretion. *Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586, 594 (2007). We review sentencing determinations for both procedural and substantive reasonableness. A sentence is procedurally unreasonable if it is marked by "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the

---

[1] Furthermore, notwithstanding counsel's forfeiture of the Rule 29 arguments, our review of the record reflects that, viewing the evidence in the light most favorable to the prosecution, there was sufficient evidence for a reasonable trier of fact to find defendant guilty. Therefore, even if counsel had preserved the Rule 29 issue for appeal, we would not find this argument persuasive.

Guidelines range." *Gall*, 128 S.Ct. at 597. "[A] sentence may be substantively unreasonable when the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Borho*, 485 F.3d 904, 908 (6th Cir. 2007) (citation and quotation marks omitted).

> Section 3553(a) provides that when imposing sentences courts:
>
> shall consider . . . the nature and circumstances of the offense and the history and characteristics of the defendant [along with] the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant.

18 U.S.C. § 3553(a)(1-2). While the record must reflect that the district court considered the section 3553 factors, the district court need not give a detailed explanation of the factors so long as the court "satisf[ies] the appellate court that [the judge] has considered the parties' arguments and has a reasoned basis for exercising his own legal decision-making authority." *Rita v. United States*, 551 U.S. 338, 356 (2007); *see also United States v. Madden*, 515 F.3d 601, 610 (6th Cir. 2008) (applying *Rita* and noting that a judge may exercise discretion in determining how much explanation is necessary, and that a lengthy explanation is not required when a judge decides simply to apply the Guidelines to a particular case). Sentences that fall within the advisory Guidelines range are afforded the "rebuttable presumption of reasonableness." *United States v. Erpenbeck*, 532 F.3d 423, 430 (6th Cir. 2008) (citing *Rita*, 551 U.S. at 345).

If we determine that no procedural error occurred, the sentence is then considered for substantive reasonableness, taking "into account the totality of the circumstances." *Erpenbeck*, 532

F.3d at 430. Where there is nothing in the record to indicate "that the district court selected the sentence arbitrarily or relied on impermissible factors," the sentence is presumptively reasonable. *Madden*, 515 F.3d at 613.

In this case, though the court's sentencing colloquy is not detailed, the judge recognized that the Guidelines were advisory, considered the Section 3553(a) factors and did not abuse its discretion in making a within-Guidelines sentence.

### C.      Crack/Powder Disparity

Moncrief contends that a retroactive amendment to the guideline for cocaine-base offenses requires that his case be remanded for re-sentencing. However, on June 16, 2009, the district court reduced Moncrief's sentence pursuant to 18 U.S.C. § 3582(c)(2) from 126 months to the statutory mandatory minimum of 120 months. Thus, his claim that the district court failed to consider section 3553(a) factors is moot because, as his conviction stands, he cannot receive a lower sentence.[2]

### IV.

For the foregoing reasons, we **AFFIRM** the judgments of the district court.

---

[2] He makes no argument that he would qualify for "safety valve" relief pursuant to 18 U.S.C. § 3553(f), nor does it appear that he would so qualify.