# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2403

_____

United States of America,    *
             *
     Appellee,    *
             * Appeal from the United States
  v.          * District Court for the
             * Western District of Missouri.
Carlus L. Phillips,     *
             * [UNPUBLISHED]
     Appellant.   *

_____

Submitted: January 11, 2010
Filed: January 19, 2010

_____

Before MURPHY and BYE, Circuit Judges, and STROM,[1] District Judge.

_____

PER CURIAM.

In 2003, Carlus Phillips pleaded guilty to possession with intent to distribute five grams or more of cocaine base (crack cocaine) in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(B). The district court[2] sentenced him to 252 months of imprisonment, a sentence which fell near the top of the applicable Guidelines range of 210-262 months. In 2009, Phillips moved for a reduction in his sentence under 18

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska, sitting by designation.

[2]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

U.S.C. § 3582(c) based on Amendment 706 to the Guidelines, which reduced the base offense level for crack cocaine offenses by two levels. The amended Guidelines range for Phillips's crack cocaine offense thus became 168-210 months. The district court[3] resentenced Phillips to 202 months, selecting a sentence that fell near the top of the amended Guidelines range, proportionally consistent with the original sentence of 252 months.

Phillips appeals his amended sentence contending the district court erred by failing to elaborate on its reasons for selecting a sentence near the high end of the amended Guidelines range, and by failing to consider or explain its application of the sentencing factors in 18 U.S.C. § 3553(a).

The district court's selection of a sentence within the amended Guidelines range that was proportionally consistent with the original sentence, coupled with the discussion of the § 3553(a) factors conducted in the original sentencing proceeding, sufficiently explain the amended sentence. See United States v. Clark, 563 F.3d 722, 725 (8th Cir. 2009) (affirming a sentence amended pursuant to § 3582(c) which was near the high end of the amended Guidelines range, where the original sentence was also at the high end of the Guidelines range, and where the district court at the original sentencing hearing provided an adequate explanation of the § 3553(a) factors and gave the reasons for selecting its sentence).

We affirm.

_____

[3]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.