# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2703

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Plaintiff - Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * District of Nebraska. |
| John Edward Mull, | * |
| | * **[UNPUBLISHED]** |
| Defendant - Appellant. | * |

_____

Submitted: February 8, 2010
Filed: February 16, 2010

_____

Before LOKEN, Chief Judge, GRUENDER and BENTON, Circuit Judges.

_____

PER CURIAM.

In 2000, a jury found John Edward Mull guilty of conspiracy to distribute cocaine base. The district court determined a sentencing range of 235-293 months under the then-mandatory Guidelines and sentenced Mull to 240 months in prison. After the Sentencing Commission reduced by two levels the offense level applicable to Mull's crack cocaine offense in Amendments 706, 711, and 713 to the now-advisory Guidelines, Mull moved for a sentence reduction under 18 U.S.C. § 3582(c)(2). The district court[1] granted a two-level reduction, resulting in an

_____

[1]The HONORABLE WARREN K. URBOM, United States District Judge for the District of Nebraska.

amended range of 188-235 months. The court sentenced Mull to 192 months in prison, explaining that it would have imposed this sentence if "the amended guideline range were in effect at the time of [Mull's] original sentencing" because both 240 months, the original sentence, and 192 months were approximately two percent higher than the low end of the applicable range.

Mull appeals, arguing the district court abused its discretion by failing to reduce his sentence below the amended guidelines range, by calculating the reduced sentence using a mathematical formula, and by not granting an evidentiary hearing. These arguments are foreclosed by our decision in United States v. Starks, 551 F.3d 839, 842 (8th Cir.), cert. denied, 129 S. Ct. 2746 (2009), that "neither the Sixth Amendment nor [United States v. Booker, 543 U.S. 220 (2005),] prevents Congress from incorporating a guideline provision as a means of defining and limiting a district court's authority to reduce a sentence under § 3582(c)." Mull argues that Starks was incorrectly decided, but as a panel we may not reconsider it.[2]

The district court correctly applied 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10(b)(2)(A) as construed in Starks, 551 F.3d at 841-43, and in United States v. Hasan, 245 F.3d 682, 685-87 (8th Cir.) (en banc), cert. denied, 534 U.S. 905 (2001). The district court did not simply apply a mathematical formula. It properly determined what sentence it would have imposed had the amended guidelines range applied at the time of the original sentencing. An evidentiary hearing is not needed to make this determination. To the extent Mull argues that the district court did not adequately consider the factors in 18 U.S.C. § 3553(a) in determining the extent of his reduction within the amended guidelines range, this argument is foreclosed by United States v. Clark, 563 F.3d 722, 724 (8th Cir. 2009). As in Clark, the district court

---

[2] We note that nearly every other circuit agrees with our decision in Starks. See, e.g., United States v. Dillon, 572 F.3d 146, 148-50 (3d Cir.), cert. granted, --- S. Ct. ----, 2009 WL 2899562 (Dec. 7, 2009).

considered the § 3553(a) factors at Mull's original sentencing and noted that it gave an amended sentence that was proportional to the original sentence.

The district court order dated June 24, 2009, is affirmed.

_____