# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2440

_____

United States of America,         \*
                               \*

     Plaintiff - Appellee,     \*
                               \* Appeal from the United States

   v.                           \* District Court for the Western
                               \* District of Missouri.

Charles Leopole Ellis,        \*
                               \* [UNPUBLISHED]

     Defendant - Appellant.    \*

_____

Submitted: January 13, 2010
Filed: June 16, 2010

_____

Before LOKEN,[1] Chief Judge, JOHN R. GIBSON, and WOLLMAN, Circuit Judges.

_____

PER CURIAM.

     In 1993, Charles L. Ellis was convicted by a jury of possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). He was sentenced to 360 months' imprisonment, the low end of his 360 months-to-life Guidelines range. Following the United States Sentencing Commission's retroactive amendment to the crack cocaine Guidelines, Ellis moved

_____

[1]The Honorable James B. Loken stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on March 31, 2010. He has been succeeded by the Honorable William Jay Riley.

for a reduction in sentence pursuant to 18 U.S.C. § 3582(c). The district court[2] granted the motion and resentenced Ellis to 330 months' imprisonment, the middle of his amended Guidelines range. Ellis moved for reconsideration of the new sentence, which the district court denied. Ellis appeals, arguing that the district court failed to adequately consider the 18 U.S.C. § 3553(a) factors at resentencing.[3] We affirm.

When entertaining challenges such as Ellis's, this court has emphasized that "(1) a § 3582(c)(2) sentence modification proceeding is not a full resentencing; (2) any possible amendment in a case like [the defendant's] is constrained within an amended Guidelines range; and (3) an initial sentencing court ha[s] already once considered and provided an adequate explanation of the § 3553(a) factors . . .." United States v. Geralds, 338 F. App'x 557, 558-59 (8th Cir. 2009) (internal quotation marks omitted) (citing United States v. Clark, 563 F.3d 722, 725 (8th Cir. 2009)). "Therefore, the district court's analysis of the § 3553(a) factors is properly limited to that necessary to guide 'the selection of an appropriate, amended sentence within the new [Guidelines] range.'" United States v. Harris, 574 F.3d 971, 973 (8th Cir. 2009) (quoting Clark, 563 F.3d at 724).

Here, the district court requested that the probation office prepare an analysis of the application of the crack cocaine amendment to Ellis's sentencing Guidelines

---

[2]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri. Ellis's original sentencing was conducted by the Honorable Howard F. Sachs, Senior United States District Judge for the Western District of Missouri.

[3]Ellis's motion for reconsideration also requested a variance to 120 months' imprisonment, citing the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). The district court correctly denied that request as foreclosed by this circuit's precedent. See United States v. Starks, 551 F.3d 839, 843 (8th Cir. 2009) (in § 3582(c)(2) proceeding the district court may not reduce sentence below bottom of amended Guidelines range unless defendant was originally sentenced below original Guidelines range), cert. denied , 129 S. Ct. 2746 (2009).

range. The report calculated an amended Guidelines range of 292-365 months, and Ellis does not dispute that calculation. The report also suggested that a sentence of 360 months was appropriate given Ellis's significant post-conviction violations. After reviewing the report, the district court agreed with the Guidelines range calculations but determined that a 330-month sentence was sufficient.

Although Ellis's original sentence was at the low end of his original Guidelines range, our review of the record reveals that the district court did not err in resentencing Ellis to the middle of his amended Guidelines range. The district court's order indicated that it had considered the § 3553(a) factors and gave particular weight to the defendant's history and characteristics, including serious post-conviction misconduct that included an attempted killing of another inmate. Based on this analysis, the district court determined that a sentence of 330 months was "necessary to protect the public from further crimes of the Defendant." The district court did not err in denying Ellis's motion for reconsideration or in arriving at this substantively reasonable sentence. See Clark, 563 F.3d at 725 (explaining that "we do not require lengthy explanations" concerning the § 3553(a) factors when amending sentences pursuant to § 3582(c)).

The judgment of the district court is affirmed.

_____