# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————————

No. 09-1664

———————————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Larry Eugene Burrell, | * | |
| | * | |
| Appellant. | * | |

———————————

Submitted: February 12, 2010
Filed: September 27, 2010

———————————

Before LOKEN, Chief Judge,[1] GRUENDER and BENTON, Circuit Judges.

———————————

GRUENDER, Circuit Judge.

Larry Burrell pled guilty to conspiracy to possess with the intent to distribute cocaine base and powder cocaine, and the district court sentenced him to 168 months' imprisonment. Three years later, Burrell requested a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2). The court granted Burrell's motion and reduced his sentence to 151 months' imprisonment. On appeal, Burrell argues that the court erred by failing to reduce his sentence further within the amended guidelines range

———————————

[1]The Honorable James B. Loken stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on March 31, 2010. He has been succeeded by the Honorable William Jay Riley.

and by failing to explain its decision. For the following reasons, we vacate and remand.

## I. BACKGROUND

In August 2006, Burrell pled guilty to conspiracy to possess with the intent to distribute cocaine base and powder cocaine, in violation of 21 U.S.C. §§ 841 and 846. The district court found that Burrell's total offense level was 33 and that his criminal history category was II, which resulted in an advisory guidelines range of 151 to 188 months' imprisonment. The court sentenced Burrell to 168 months' imprisonment, a sentence near the middle of his advisory guidelines range.

The United States Sentencing Commission subsequently revised the drug quantity table in U.S.S.G. § 2D1.1 and retroactively reduced by two levels the base offense level applicable to the quantity of cocaine base for which Burrell was accountable. *See United States v. Starks*, 551 F.3d 839, 840 (8th Cir.), *cert. denied*, 556 U.S. ---, 129 S. Ct. 2746 (2009). While a federal court generally "may not modify a term of imprisonment once it has been imposed," § 3582(c)(2) provides an exception to that rule "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *Dillon v. United States*, 560 U.S. ---, 130 S. Ct. 2683, 2687 (2010) (quoting § 3582(c)).

In February 2009, Burrell filed a motion to reduce his sentence under § 3582(c)(2). The motion described Burrell's initial sentence and then simply stated:

> Pursuant to the new sentencing guidelines, Mr. Burrell's total offense level is 31. With a criminal history category of II, and a total offense level of 31, the amended applicable guideline range is 121-151 months. A bottom-of-the guidelines sentence would result in a sentence

of 121 months. Therefore Mr. Burrell seeks an ORDER from this Court sentencing him to 121 months.

The Government filed a response to Burrell's motion in which it agreed with Burrell's calculation of the amended guidelines range and stated that it did not oppose a reduction that was within that range. The Government, however, sought a sentence at the top of the amended range and briefly provided its reasons, stating:

> A sentence of 151 months is an appropriate sentence given the defendant's conduct. He relocated to Bemidji, Minnesota, to establish a large drug distribution network. He used his home as a stash house with his girlfriend, Tamika Brown, and their children. They even used Section 8 housing to pay for the new crack house. Burrell also employed a young man, Theto Hatley, in the distribution ring. A 151 month term is a guidelines sentence with the recent amendments and reasonable under the circumstances.

Burrell did not reply to the Government's response.

Without holding a hearing, the court issued a one-page order, which stated in full:

> Larry Eugene Burrell has moved, pursuant to 18 U.S.C. § 3582(c), for a sentencing reduction under the revised and retroactive amendments to the United States Sentencing Guidelines applicable to crack cocaine cases. The government has responded.
>
> **IT IS HEREBY ORDERED** that Mr. Burrell's motion for a reduction of his sentence is granted. His sentence is amended to 151 months.

Burrell appeals.

## II. DISCUSSION

Burrell argues that the district court abused its discretion by refusing to reduce his sentence to a lesser term within the amended guidelines range. In the alternative, he argues that the court erred by failing to explain its decision. Because Burrell's second argument is dispositive, we address it first.

Under § 3582(c)(2), a district court must "begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 130 S. Ct. at 2691 (alteration in original) (quoting U.S.S.G. § 1B1.10(b)(1)). The court must then "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case." *Id.* at 2692; *see also* U.S.S.G. § 1B1.10(b) cmt. n.1(B)(i) ("Consistent with 18 U.S.C. § 3582(c)(2), the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction . . . ."). In contrast to an initial sentencing proceeding, however, a court proceeding under § 3582(c)(2) generally may not pronounce a sentence below the minimum of the amended guidelines range. *Dillon*, 130 S. Ct. at 2691. An exception to this general rule occurs if the originally imposed term of imprisonment was below the minimum of the originally calculated guidelines range, in which case § 1B1.10 authorizes a sentence "comparably" below the amended range. *Id.* at 2691-92. In determining whether and to what extent a reduction in sentence is warranted, the court must also consider "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," U.S.S.G. § 1B1.10(b) cmt. n.1(B)(ii), and it may consider "post-sentencing conduct of the defendant," *id.* at cmt. n.1(B)(iii).

We review a district court's decision under § 3582(c)(2) to reduce a sentence and the extent of any reduction for an abuse of discretion. *United States v. Whiting*, 522 F.3d 845, 852-53 (8th Cir. 2008). We have held that a district court need not give "lengthy explanations" of the § 3553(a) factors or categorically rehearse the relevant factors in a § 3582 proceeding, *United States v. Clark*, 563 F.3d 722, 725 (8th Cir. 2009), but this does not permit a district court to give no explanation for its decision. *See Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir. 1984) ("[W]hen we say that a decision is discretionary, or that a district court has discretion to grant or deny a motion, we do not mean that the district court may do whatever pleases it."). "[I]t is impossible for us to ensure that the district court did not abuse its discretion if the [§ 3582] order shows only that the district court exercised its discretion rather than showing *how* it exercised that discretion." *United States v. Marion*, 590 F.3d 475, 477-78 (7th Cir. 2009); *cf. Gall v. United States*, 552 U.S. 38, 50 (2007) (stating that in an initial sentencing proceeding a district court "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing").

In this case, we vacate and remand because the record does not allow us to discern how the district court exercised its discretion.[2] The court did not identify any factors that it considered relevant in deciding to reduce Burrell's sentence and determining the extent of that reduction. Nor is there any indication that the district court adopted the reasoning in the Government's response to Burrell's § 3582 motion. Some statement of the district court's reasoning is necessary for this court to be able to meaningfully review the district court's decision to impose a 151-month amended sentence. *See Marion*, 590 F.3d at 477; *see also United States v. Archer*, 362 Fed. App'x 491, 496 (6th Cir. 2010) (unpublished) (finding that the district court must "satisf[y] the appellate court that [the judge] has considered the parties' arguments and

---

[2]Because on this record we are unable to conduct meaningful review, we do not reach Burrell's argument that the district court should have reduced his sentence further within the amended guidelines range.

has a reasoned basis for exercising his own legal decision-making authority" (quoting *United States v. Moncrief*, 350 Fed. App'x 994, 996 (6th Cir. 2009) (unpublished) (alterations in original))). While we do not doubt that the court read and considered Burrell's motion and the Government's response, on the present record there is no explanation as to what the court relied on to make its decision.

The Government, relying on *Clark*, argues that "[a]ll of the [relevant] factors were considered by the District Court at the initial sentencing and did not have to be repeated during the amendment." Even if the district court considered the relevant statutory factors during the § 3582 proceeding, there must be some explanation in the record of the district court's reasoning. *Marion*, 590 F.3d at 476-77. To the extent that the Government relies on *Clark* to support an argument that the court sufficiently explained its decision here, that reliance is misplaced. In *Clark*, the district court considered the relevant § 3553(a) factors during the initial sentencing and sentenced Clark to a term of imprisonment at the top of his guidelines range. 563 F.3d at 724-25. Clark later moved for a sentence reduction under § 3582, and the district court in a brief order reduced his sentence to a term at the top of his amended guidelines range. *Id.* at 724. We concluded that the district court "fully considered" the § 3553(a) factors and sufficiently explained its decision. *Id.* at 725. We based our conclusion on "the district court's statements at Clark's initial sentencing and its determination that sentences at the top of the respective Guidelines ranges were appropriate following both the initial sentencing and the § 3582 proceedings." *Id.* at 724-25. Our cases applying *Clark* uniformly have involved proportionality between the initial sentence and the amended sentence. *United States v. Paige*, No. 09-2707, 2010 WL 2487071, at *1 (8th Cir. June 22, 2010) (unpublished per curiam); *United States v. Mull*, 365 Fed. App'x 723, 725 (8th Cir. 2010) (unpublished per curiam), *cert. denied*, 561 U.S. ---, 130 S. Ct. 3483 (June 21, 2010); *United States v. Phillips*, 361 Fed. App'x 702, 703 (8th Cir. 2010) (unpublished per curiam); *United States v. Geralds*, 338 Fed. App'x 557, 558 (8th Cir. 2009) (unpublished per curiam), *cert. denied*, 561

U.S. ---, 130 S. Ct. 3465 (June 21, 2010); *United States v. Wiley*, 334 Fed. App'x 782, 783 (8th Cir. 2009) (unpublished per curiam).

That proportionality is missing here. Burrell's amended sentence is at the top of his amended guidelines range, but his initial sentence was near the middle of his guidelines range. Because Burrell's initial and amended sentences are not proportional, we cannot presume that the reasons given for imposing a sentence near the middle of the guidelines range at his initial sentencing apply with equal force to the amended sentence at the top of the amended guidelines range. Furthermore, we note that the district court's order in *Clark* contained the following sentence explaining its decision: "The amended sentence imposed is at the high end of the guideline range, commensurate with the sentence at the high end of the guideline range imposed at the initial sentencing hearing." *United States v. Clark*, No. 3:02-cr-34, Dkt. No. 358, Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) (S.D. Iowa June 6, 2008). The district court here did not explain why it decided to impose an amended sentence at the top of the amended guidelines range when it originally imposed a sentence near the middle of the initial guidelines range. Therefore, the Government's reliance on *Clark* is misplaced.

The dissent would apply only plain error review because Burrell failed to challenge the inadequate explanation of his sentence before the district court. Indeed, an argument that a district court failed to explain a sentence must be reviewed for plain error if it was not raised to the district court "at the time of sentencing." *United States v. Statman*, 604 F.3d 529, 534 (8th Cir. 2010). That precedent does not control here, however, because "[b]y its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding." *Dillon*, 130 S. Ct. at 2690. In the absence of a sentencing proceeding or other hearing on his § 3582(c)(2) motion, Burrell had no opportunity "at the time of sentencing" to object to the absence of an explanation in the district court's ruling, and thus could not have forfeited his assertion of error. *See*

Fed. R. Crim. P. 51(b) ("If a party does not have an opportunity to object to a ruling or order, the absence of an objection does not later prejudice that party.").

Although the dissent acknowledges the absence of an opportunity to object, the dissent would require the filing of a motion for reconsideration with the district court in order to preserve the error for appellate review. Requiring a motion for reconsideration after the ruling has issued, however, would exceed the error-preservation requirements of Rule 51(b), which has been characterized as a "contemporaneous-objection rule." *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). Rule 51(b) states, in relevant part:

> A party may preserve a claim of error by informing the court—*when the court ruling or order is made or sought*—of the . . . party's objection to the court's action and the grounds for that objection. If a party does not have an opportunity to object to a ruling or order, the absence of an objection does not later prejudice that party.

Fed. R. Crim. P. 51(b) (emphasis added).

In other words, if a party does not have an opportunity to object when the court ruling "is made or sought," Rule 51(b) states that the absence of an objection does not later prejudice the party. The "opportunity to object" language would be meaningless if the mere ability to file a motion for reconsideration qualified as an opportunity to object, since a party theoretically could file a later motion for reconsideration of virtually any district court ruling. Therefore, notwithstanding Burrell's decision not to file a motion for reconsideration of the court's ruling on his § 3582(c)(2) motion, plain error review is not appropriate here.

## III. CONCLUSION

For the foregoing reasons, we vacate the judgment of the district court and remand for further proceedings consistent with this opinion. On remand, the district court need not conduct a resentencing hearing or consider additional briefing from the parties. *See Dillon*, 130 S. Ct. at 2690 ("[Section] 3582(c)(2) does not authorize a sentencing or resentencing proceeding."). We also do not suggest that district courts must engage in formulaic recitations of the relevant factors or provide lengthy reasoning for their decisions on § 3582(c)(2) motions. *See Clark*, 563 F.3d at 725. All that is required is enough explanation of the court's reasoning to allow for meaningful appellate review.

LOKEN, Circuit Judge, dissenting.

Larry Burrell argues for the first time on appeal that the district court committed procedural error when it failed to adequately explain its grant of a routine sentence reduction under 28 U.S.C. § 3582(c)(2). As the Supreme Court recently observed, "anyone familiar with the work of courts understands that errors are a constant in the trial process, that most do not much matter, and that a reflexive inclination by appellate courts to reverse because of unpreserved error would be fatal." Puckett v. United States, 129 S. Ct. 1423, 1428 (2009), quoting United States v. Padilla, 415 F.3d 211, 224 (1st Cir. 2005) (en banc) (Boudin, C.J., concurring). Accordingly, we have wisely held that the plain error standard of review set forth in Rule 52(b) of the Federal Rules of Criminal Procedure applies to a procedural sentencing error, including failure to adequately explain a sentencing decision, that is not properly preserved in the district court. United States v. Statman, 604 F.3d 529, 534 (8th Cir. 2010); see United States v. Bain, 537 F.3d 876, 881 (8th Cir. 2008); United States v. Phelps, 536 F.3d 862, 865-66 (8th Cir. 2008). I disagree with the majority's refusal to apply these controlling precedents. Because there was no plain error, I respectfully dissent.

1.  I can think of two reasons why the plain-error standard might not apply to this alleged procedural error.  First is the distinction between "exceptions" to rulings or orders, which Rule 51(a) declares to be "unnecessary," and claims of error, which Rule 51(b) provides must be preserved by timely objection.  As Chief Judge Easterbrook explained in United States v. Bartlett, 567 F.3d 901, 910 (7th Cir. 2009):

> Counsel present positions, and judges then decide.  But the rules do not require a litigant to complain about a judicial choice after it has been made. . . .  When the judge surprises counsel, it is far better to air and resolve the matter in the district court than to bypass available opportunities for correction and save the issue for appeal.  But when an issue is argued before the judicial ruling, counsel need not take exception once the court's decision has been announced.  That's what Rule 51(a) says.

Here, Burrell's motion urged the district court to sentence him to 121 months in prison, the bottom of the revised guidelines range.  When the court imposed a greater sentence, Burrell did not need to take exception to that ruling to argue on appeal that the greater sentence was an abuse of discretion.  But other claims of error required an objection.  For example, if Burrell wished to argue that the government had urged an improper sentencing factor, he must raise that issue to the district court in a reply to the government's response to preserve the claim of error for appeal under Rule 51(b).  Likewise, his assertion that the court failed to adequately explain its ruling is a new claim of procedural error that, under our controlling decisions in Statman and Bain, must be properly preserved to avoid the plain-error review on appeal.

Second, because the district court held no hearing on the § 3582(c)(2) motion, the alleged inadequate explanation came in the court's final ruling.  Therefore, the majority posits, this situation falls within a proviso in Rule 51(b): "If a party does not have an opportunity to object to a ruling or order, the absence of an objection does not later prejudice that party."  I have found no appellate decision addressing the issue in this context.  I conclude the majority's position is unsound.

-10-

Burrell had an obvious opportunity to present this claim of error to the district court so that, if inadvertent, the error could be cured "up front" -- a motion to reconsider the order, noting that Burrell intended to challenge the reasonableness of the sentence on appeal and arguing that the absence of an adequate explanation would not "allow for meaningful appellate review," as this court now concludes, *ante* p.7. Of course, such a motion must be promptly filed, because appeals from § 3582(c)(2) sentence modifications must be filed within the 14 days allowed in criminal cases by Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure. See United States v. Petty, 82 F.3d 809, 810 (8th Cir. 1996). But it is nonetheless an effective opportunity to object because a motion to reconsider will toll the time to appeal, see United States v. Brewer, 60 F.3d 1142, 1143-44 (5th Cir. 1995), and in any event the district court may extend the time to appeal under F.R.A.P. 4(b)(4) while it rules on the motion. The alternative to requiring a motion to reconsider when a § 3582(c)(2) motion is decided without a hearing is to allow the disappointed party to "game" the system by arguing unpreserved procedural errors on appeal, as the court allows here.

2. Applying the plain-error standard of review to this issue, I conclude we must affirm. Burrell pleaded guilty to conspiracy to possess with intent to distribute 586 grams of cocaine base and 665 grams of powder cocaine. His Plea Agreement recited that a ten-year mandatory minimum sentence applied to this quantity, and that the parties would "jointly recommend an upward departure to a term of 168 months" if the advisory guidelines range was 121-151 months. Neither party submitted a sentencing memorandum. At sentencing, the district court made two rulings in Burrell's favor in determining an advisory range of 151-188 months in prison. Consistent with the Plea Agreement's recommended upward departure, the court then imposed a 168-month sentence in the middle of that range.

The majority quotes Burrell's cryptic motion for a reduced sentence of 121 months in prison, the bottom of the revised guidelines range. The government's lengthy response agreed that the amended range was 121-151 months and did not

-11-

oppose a reduction within that range. The government accurately described the analysis mandated by § 3582(c)(2) and U.S.S.G. § 1B1.10 in exercising the court's discretion.[3] After reciting that Burrell was responsible for 586 grams of cocaine base "that was moved from the Twin Cities up to Bemidji, Minnesota," the government urged that his sentence be reduced to 151 months, the top of the revised range:

> A sentence of 151 months is an appropriate sentence given the defendant's conduct. He relocated to Bemidji, Minnesota, to establish a large drug distribution network. He used his home as a stash house with his girlfriend, Tamika Brown, and their children. They even used Section 8 [subsidized] housing to pay for the new crack house. Burrell also employed a young man, Theto Hatley, in the distribution ring. A 151 month term is a guidelines sentence with[in] the recent amendments and reasonable under the circumstances.

Burrell did not reply to the government's response or request a hearing on his § 3582(c)(2) motion. Two weeks later, the district court issued the order quoted on page 3 of the court's opinion.

While a fuller explanation would clearly have assisted our appellate review, I am inclined to conclude that the district court's reference to the government's detailed response was sufficient explanation of why the court granted less than a "proportional" § 3582(c)(2) sentence reduction. But even if the explanation was inadequate and therefore error, it was not reversible *plain* error. The explanation

---

[3]The government explained, "Subject to the limits set forth in U.S.S.G. § 1B1.10(b), the Court may consider all pertinent information in applying the Section 3553(a) factors and determining whether and by how much to reduce the defendant's sentence [within the amended range]. In particular, the Court must consider public safety considerations, and it may consider information regarding the post-sentencing conduct or situation of the defendant, whether positive or negative."

clearly would have been adequate for meaningful appellate review if the district court had written, "For the reasons stated in the government's response, it is hereby ordered," rather than what the court wrote, "The government has responded. It is hereby ordered." Read literally, the difference in these articulations may be more than semantic, but not much more. Thus, the error was not plain, that is, "clear" or "obvious." United States v. Olano, 507 U.S. 725, 734 (1993).

3. Larry Burrell entered into a Plea Agreement stipulating that an upward departure to 168 months was an appropriate sentence, and the district court imposed that sentence. Burrell's § 3582(c)(2) motion requesting a sentence at the bottom of the amended range was not supported by an analysis of the § 3553(a) factors or with "post-sentencing conduct" relevant under application note 1(B)(iii) to § 1B1.10. The government urged a sentence at the top of the amended range, presenting strong public safety considerations supporting its position -- Burrell and his girlfriend moved substantial quantities of cocaine more than two hundred miles from Minneapolis to Bemidji, a community surrounded by three large Indian reservations, and used a government housing subsidy to help set up a stash house. Burrell did not reply to the government's analysis or request a hearing. The court had discretion to select a sentence within the new range that was not "proportional." See United States v. Jones, 325 F. App'x 463 (8th Cir. 2009). In these circumstances, there was no plain error and no abuse of discretion. I would affirm.

_____