UNITED STATES of America,
Plaintiff–Appellee,

v.

Larone MILLS, Defendant–Appellant.

No. 00–1742.

United States Court of Appeals,
Sixth Circuit.

Oct. 18, 2001.

Before KEITH, SUHRHEINRICH, and CLAY, Circuit Judges.

CLAY, Circuit Judge.

Defendant, Larone Mills, appeals from the judgment of conviction and sentence entered by the district court on June 16, 2000, following Defendant's guilty plea conviction for one count of distributing cocaine in violation of 18 U.S.C. § 841(a)(1), for which Defendant was sentenced to 135 months' imprisonment.

On appeal, Defendant challenges the imposition of his sentence, raising the single issue of whether the sentencing court erroneously believed that it lacked authority to downwardly depart based upon an overstated criminal history level. Because we agree that the sentencing court mistakenly believed that it lacked the authority to downwardly depart, we VACATE Defendant's sentence and REMAND for resentencing.

## STATEMENT OF FACTS

Defendant pleaded guilty to count three of a three-count indictment charging him with distribution of more than fifty grams of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1). The Rule 11 plea agreement was based upon a calculation of an offense level total of 31,and a criminal history category of II. The calculation of the criminal history category was arrived at based upon Defendant's having two minor convictions: 1) attempted possession with intent to deliver a controlled substance, to which Defendant was sentenced to probation; and 2) attempt to carry a concealed weapon, to which Defendant was sentenced to a term of probation. Each of these convictions resulted in 1 criminal history point, thus equaling 2 points in the aggregate, placing Defendant in criminal history category II, with the corresponding sentencing guideline range of 121 to 151 months of imprisonment.

The presentence investigation report indicated that Defendant had two additional convictions for minor offenses: 1) possession of drug paraphernalia, for which Defendant was fined $100; and 2) a city ordinance violation for possession of marijuana, to which Defendant was fined $25 and $80 in court costs. Each of these two convictions added 1 additional criminal history point leaving Defendant with a total of 4 criminal history points thereby placing him in criminal history category III. As a result, Defendant no longer fell within criminal history category II as set forth in the plea agreement.

At sentencing, Defendant argued that the four minor offenses resulted in a criminal history category which significantly over-represented the seriousness of his criminal history, and requested a downward departure. Specifically, defense counsel argued:

Your Honor, the calculation of the criminal history, I believe, is such that it warrants a departure in this case.... I believe the correct calculation for the criminal history would indicate that he has four criminal history would indicate that he has four criminal history points, which puts him on the very bottom of criminal history number three.

One of those four points is his conviction for simple possession of marijuana that occurred in Oak Park. The probation officer has been enough to give me the records of that conviction and I would note for the Court, and I can pass this up, that he plead guilty to an ordinance violation of which the fine was $25. The remaining amount of money that totalled $80 was for Court costs and summary fees. That single conviction for a simple ordinance violation of simple possession of marijuana is what puts him over the threshold on his criminal history. But for that conviction, he would be a category two. And as calculated by both the Government and the Defense in the original Rule 11 Agreement, we fall within a criminal history two and an original cap of time would be 121 months.

Your Honor, there is a second conviction that goes into the four points and that was for possession of drug paraphernalia. In the calculation, that also counts as a whole point and goes toward the total of four. But with those two convictions, both very minor offenses, both in situations where he was unrepresented by counsel, he is now kicked up from the plea agreement amount of 121 months to 135. Those two minor convictions, we feel, so overstate his true criminal history that he Court can use its discretion and depart downward so that he would be sentenced as if this were a criminal history two and reapply the original agreed sentence amount of 121 months. We feel that's proper under the circumstances because we feel that

the calculation, as it's set forth, properly overstates his real criminal history and for that we would move the Court to depart downward and to depart downward to the original agreed amount of time of 121 months.

(J.A. at 46–48.)

The sentencing court clarified with defense counsel that his argument was for a downward departure, and then opined:

> I'm going to deny the motion. I, that's not to say I don't think it was eloquently argued and appropriately pointed out to the Court those are minor offenses. But that's the way the guidelines are written. I probably would adjust the guidelines a bit or two if I were writing them myself but they won't let me do that. So I've got to follow them and I think we are following them in the calculation we have here but Mr. Mills your, your lawyer's done a good job for you and has tried hard but I'm not going to give it to you.

(J.A. at 49.) The court then sentenced Defendant to a term of 135 months' imprisonment, and it is from this sentence that Defendant now appeals.

## DISCUSSION

■ This Court usually reviews a sentencing court's factual findings for clear error; however, when the facts are undisputed, the question of whether the district court appropriately applied the Guidelines to a particular set of facts is a question of law that the court reviews *de novo*. *See United States v. Tilford*, 224 F.3d 865, 867 (6th Cir.2000). "Although a district court's refusal to depart downward is not ordinarily appealable when the court is fully aware of its authority to depart, a court's failure to depart downward because it was unaware of its discretion to do so is cognizable on appeal." *United States v. Sanders*, 97 F.3d 856, 861 (6th Cir.1996).

■ Defendant argues that the sentencing court's decision to deny his request for a downward departure under USSG § 4A1.3 was not made on basis of sound and deliberative judgment in the exercise of the court's discretion; but rather, was made on the sentencing court's mistaken belief that it lacked the power to depart. Defendant therefore contends that the sentencing court's decision is reviewable.

Section 4A1.3 of the guidelines provides that if a defendant's "criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range." USSG § 4A1.3. The guideline provides that this provision may be used when the criminal history category either over-represents or under-represents a defendant's past criminal history. *See id.* Specifically, on the issue of over-representation, § 4A1.3 policy statement provides:

> There may be cases where the court concludes that a defendant's criminal history category significantly over-represents the seriousness of a defendant's criminal history or the likelihood that the defendant will commit further crimes. An example might include the case of a defendant with two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal history was significantly less serious than that of most defendants in the same criminal history category (Category II), and therefore consider a downward departure from the guidelines.

USSG § 4A1.3, p.s.

In the matter at hand, we writer agree with Defendant that the sentencing court erroneously believed that it could not de-

part downward under § 4A1.3. It appears from the record that the sentencing court was under the belief that because the guidelines call for the consideration of these minor offenses in the calculation of Defendant's criminal history level, the court had no alternative but to sentence Defendant accordingly. *See* J.A. at 49 (sentencing court opining that it had been "appropriately pointed out to the Court those are minor offenses. But that's the way the guidelines are written. I probably would adjust the guidelines a bit or two if I were writing them myself but they won't let me do that. So I've got to follow them and I think we are following them in the calculation"). However, as indicated above, § 4A1.3 expressly allows for a downward departure in such a case despite the guidelines command that these offense be included in the calculation of the criminal history level. *See* USSG § 4A1.3, p.s.

The government argues that the sentencing court understood that it had the discretion to depart, but in its discretion decided not to do so because the nature of the minor offenses at issue had been accounted for under the guidelines inasmuch as Defendant received the minimum number of points allowable for these crimes. The government's contention is not supported by the clear language of the sentencing court's decision. The sentencing court expressly stated that the it would adjust the guidelines if it could, apparently so as not to include the two minor offenses at issue in the calculation of Defendant's criminal history level, but that it was not allowed to do so. In *United States v. Sanders*, 97 F.3d 856, 861–62 (6th Cir. 1996), this Court found the sentencing court's statement that it would have granted a downward departure under § 4A1.3 if it had the authority to do so, to be a telling indication that a departure would have been appropriate had the court not been laboring under the mistaken belief that it lack the authority to depart. It likewise

follows that the similar statements made by the sentencing court in the matter at hand prove just as telling.

## CONCLUSION

Because the sentencing court mistakenly believed that it was prohibited from granting Defendant a downward departure, and expressly indicated that it would have departed if the guidelines so allowed, Defendant's claim is reviewable and we therefore VACATE Defendant's sentence and REMAND for resentencing so as to allow the sentencing court to make the necessary findings of fact and conclusions of law which would justify a downward departure.