# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1870

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Ronald L. Coleman, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: December 10, 2008
Filed: February 23, 2009

_____

Before WOLLMAN, BYE, and RILEY, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Ronald L. Coleman pled guilty to conspiracy to distribute more than 100 kilograms of marijuana and conspiracy to launder drug trafficking proceeds. The district court[1] denied Coleman's motion for departure or variance and imposed a sentence of 262 months' imprisonment. We affirm.

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

## I.

On September 14, 2002, Coleman and his cousin were interdicted in Arizona. They were found with $90,000 that Coleman admitted was for the purchase of 150 pounds of marijuana. Coleman was released from custody and later arrested on September 20, 2002. At that time, he told authorities that he transported marijuana from Arizona to Iowa and that he had recruited others to help transport the drugs. Between March and September 2002, Coleman made approximately eight trips between the two states, each time picking up and transporting 50 to 150 pounds of marijuana. The marijuana was then sold for redistribution in Cedar Rapids, Iowa, for approximately $1000 per pound. The proceeds of the drug trafficking were sent by wire between Iowa and Arizona. In total, Coleman purchased and redistributed more than 400 kilograms of marijuana.

Following his arrest, Coleman was convicted of money laundering in Arizona state court and subsequently served three and a half years in prison. He was released from state custody on July 11, 2005. On September 28, 2007, Coleman pled guilty in federal court to conspiracy to distribute more than 100 kilograms of marijuana and conspiracy to launder drug trafficking proceeds. The government sought enhanced penalties based on Coleman's June 16, 2000, conviction for failing to affix a drug tax stamp, in violation of Iowa Code section 543B.12. At sentencing, the district court concluded that this earlier conviction was a prior felony drug offense pursuant to 21 U.S.C. § 841(b)(1)(B). The district court denied Coleman's motion for a departure or variance to account for the time Coleman had served in state prison. Coleman received a sentence at the bottom of the 262 to 327 month advisory guideline range.

## II.

Coleman appeals the district court's conclusion that his previous Iowa drug tax stamp violation qualified as a felony drug offense under § 841(b)(1)(B), as well as the

court's denial of a departure to credit Coleman for the three and a half years served in Arizona state prison on a related money laundering conviction.

A.

We review de novo the district court's statutory interpretation. United States v. Hawkins, 548 F.3d 1143, 1149 (8th Cir. 2008) (citing United States v. McAtee, 481 F.3d 1099, 1105 (8th Cir. 2007)). Section 453B.12 of the Iowa Code requires a dealer of "taxable substances," including marijuana, to affix a tax stamp to the product. Failure to do so is a class "D" felony punishable by not more than five years imprisonment. §§ 453B.12 and 9029(5). Pursuant to 21 U.S.C. § 841(b)(1)(B), a defendant with a prior felony drug offense may be subject to enhanced punishment. "Felony drug offense" is defined broadly as "an offense that is punishable by imprisonment for more than one year under any law . . . that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44).

Coleman argues that his tax stamp conviction cannot constitute a felony drug offense because it is a tax violation that imposes civil penalties and not a drug offense under Iowa law. Iowa's classification of the offense, however, does not govern the federal statute's application. Absent clear congressional intent to the contrary, "federal law governs the application of federal legislation." United States v. Franklin, 250 F.3d 653, 665 (8th Cir. 2001). Pursuant to §§ 841(b)(1)(B) and 802(44), the prior offense must be a felony that restricts conduct relating to marijuana. There is little doubt that Iowa's tax stamp law places a restriction on the distribution of marijuana and that distributing marijuana is conduct relating to marijuana. See Padavich v. Thalaker, 162 F.3d 521, 523 (8th Cir. 1998) (recognizing the "obvious deterrent purpose" behind Iowa's drug tax stamp law). Accordingly, Coleman's felony violation of Iowa's tax stamp law is a prior felony drug offense within the meaning of § 841(b)(1)(B). See United States v. Trevino-Rodriguez, 994 F.2d 533 (8th Cir.

1993) (holding that the defendant's prior violation of Kansas's drug tax stamp law is a prior felony drug offense under § 841(b)(1)(A)).

B.

Coleman also challenges the denial of his motion for a departure or variance pursuant to U.S. Sentencing Guidelines Manual (USSG) section 5K2.23. We "review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." United States v. Gall, 128 S. Ct. 586, 591 (2007).

The departure contemplated in section 5K2.23 is not mandatory, but instead "may be appropriate" if certain conditions are met. These conditions are that the defendant has served a term of imprisonment and that USSG section 5G1.3(b)(2) would have applied if defendant had been in prison for the preceding conviction at the time of sentencing for the present conviction. Section 5G1.3(b) requires that the earlier related conviction "was the basis for an increase in the offense level for the instant offense . . . ." Coleman's Arizona money laundering conviction, however, was not the basis for an increase in his guideline offense level, and thus he was not entitled to the departure he sought. Additionally, the district court evaluated the factors in 18 U.S.C. § 3553(a) and thoroughly discussed the arguments for departure. The court found that although there was no basis for a departure from the guidelines range, Coleman's arguments for a departure justified a sentence at the bottom of that range.

We conclude that the district court committed no significant procedural error in imposing the sentence. Gall, 128 S. Ct. at 597. Falling as it does within the appropriate guidelines range, the sentence is presumptively reasonable, Rita v. United

-4-

States, 127 S. Ct. 2456, 2462-63 (2007), and the district court did not abuse its discretion in imposing it.

The judgment is affirmed.

_____