# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2800
_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | *   Appeal from the United States |
| v. | *   District Court for the |
| | *   Eastern District of Arkansas. |
| Michael Ray Gamble, | * |
| | * |
| Appellant. | * |

_____

Submitted: April 17, 2009
Filed: July 13, 2009
_____

Before WOLLMAN, MELLOY, and GRUENDER, Circuit Judges.
_____

WOLLMAN, Circuit Judge.

Michael Ray Gamble appeals from the district court's[1] denial of his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and section 1B1.10 of the United States Sentencing Commission Guidelines (U.S.S.G.), and his request for resentencing. We affirm.

---

[1]The Honorable Garnett Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

I.

On August 12, 1998, Gamble was indicted for various offenses, including one charge of conspiracy to possess with the intent to distribute crack cocaine. Gamble violated the conditions of his release and was detained on April 20, 2001. After accepting Gamble's guilty plea on the crack cocaine charge, the district court sentenced Gamble to sixty months' imprisonment on October 25, 2002. This sentence related back to the start of Gamble's detention. Thus, excluding good time credit, Gamble's sentence would have been completed by April 2006. On December 3, 2002, while serving his sixty-month sentence, Gamble was indicted for conspiracy to distribute marijuana and conspiracy to money launder. He subsequently pleaded guilty to these offenses and on December 18, 2003, was sentenced to 151 months' imprisonment, to be served consecutively to the sixty-month sentence.

On April 29, 2008, Gamble moved for a sentence reduction pursuant to recent amendments to the U.S.S.G. affecting crack cocaine sentences. He also requested a resentencing such that his two sentences would run concurrently rather than consecutively. The district court concluded that Gamble was ineligible for the reduction because he was no longer serving a crack cocaine sentence and that it did not have jurisdiction to resentence Gamble.

II.

We review *de novo* the district court's statutory interpretation and application of the guidelines. See United States v. Coleman, 556 F.3d 851, 852 (8th Cir. 2009) (statutory interpretation); United States v. Barker, 556 F.3d 682, 689 (8th Cir. 2009) (guideline application).

## A.

Gamble is no longer serving a sentence for crack cocaine and is therefore not eligible for a sentence reduction under the recent amendments to the crack cocaine guidelines. Section 1B1.10 allows for a reduction of a defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2) when "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual in subsection (c)." Effective November 1, 2007, the sentencing commission enacted Amendment 706, which reduced the guideline range for crack cocaine offenses. Amendment 713, which went into effect on March 3, 2008, made Amendment 706, as amended by 711, retroactive. Section 3582(c)(2) permits the court to reduce a defendant's sentence pursuant to these amendments, "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." To be eligible for a retroactive reduction, a defendant must currently be serving a sentence for a crack cocaine offense. See U.S.S.G. § 1B1.10(b)(2)(C); Id. cmt. n.3 (2008) ("In no case, however, shall the term of imprisonment be reduced below time served.").

Gamble argues that after he was sentenced in 2003 for his marijuana and money laundering conviction, his two sentences joined as one, indistinguishable term of imprisonment under 18 U.S.C. § 3584(c), making it impossible to determine which part of either sentence he is currently serving. He contends that he is thus still serving time for the crack cocaine conviction, making the amendments applicable to his sentence. Gamble notes that two district courts have confronted this issue, each coming to a different conclusion. United States v. Yarber, No. 00-CR-20031, 2008 WL 695362 (C.D. Ill. March 12, 2008), concluded that the defendant was not entitled to a reduction, and United States v. Bolin, No. 2:02-CR-176-1, 2008 WL 928397 (S.D. Ohio April 7, 2008), concluded that the defendant was entitled to the reduction. Gamble urges us to follow Bolin.

Section 3584(c) states that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." As the district court noted, "[t]his provision instructs the Bureau of Prisons in administering the sentence and is not determinative of the issue before the Court." (D. Ct. Order of August 1, 2008, at 3.) Indeed, Bolin, on which Gamble relies, acknowledged that "the Bureau of Prisons, and not the district courts, administers the sentences of federal offenders." 2008 WL 928397 *2.

Unlike Gamble, both Yarber and Bolin involved defendants who were sentenced for a crack cocaine offense at the same time that they were sentenced for a separate offense. This distinction allowed the court in Bolin to conclude that the amendments were applicable to Bolin's sentence because the "court has no authority to determine in which order consecutive sentences must be served." 2008 WL 928397 *2.[2] Here, there is no mistaking the order of the sentences: Gamble was serving his sentence for his crack cocaine conviction at the time he was sentenced for his marijuana and money laundering convictions. There is no statutory requirement that the district court meld the two sentences into a single, aggregate term of imprisonment. The district court thus correctly concluded that Gamble had served his crack cocaine sentence, to which his subsequent sentence ran consecutively. Accordingly, at the time Gamble moved for a reduction of his sentence he was no longer serving a term of imprisonment for his crack cocaine conviction and was not eligible for a reduction under Amendments 706 and 713.

---

[2]As stated in Bolin, "the Bureau of Prisons is required by law to treat multiple terms of imprisonment imposed at the same time as a single, aggregate term of imprisonment." 2008 WL 928397 *2 (citing 18 U.S.C. § 3584(c)) (quotations omitted).

B.

Amendments 706 and 713 are not applicable to Gamble.  Further, § 3582(c)(2) limits the district court's authority to "reduc[ing] the term of imprisonment" under the amended guidelines.  Likewise, section 1B1.10(a)(3) explicitly states that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant."  "[A] proceeding under 18 U.S.C. § 3582(c) is not a do-over of an original sentencing proceeding."  United States v. Tidwell, 178 F.3d 946, 949 (7th Cir. 1999).  Accordingly, the district court was without jurisdiction to revisit Gamble's sentence.

The judgment is affirmed.

_____