# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3258

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Southern |
| | * | District of Iowa. |
| Jimmy Antwain Harris, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: May 11, 2009
Filed: August 4, 2009

_____

Before WOLLMAN, JOHN R. GIBSON, and MURPHY, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

Jimmy Antwain Harris pled guilty to two counts of distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1). Harris was sentenced to 168 months' imprisonment, to be served consecutively to a State of Iowa sentence for which he was already imprisoned. Following the Sentencing Commission's retroactive amendments to the crack cocaine provisions of the United States Sentencing Guidelines (Guidelines), Harris filed a motion for a reduction of sentence. See 18 U.S.C. § 3582(c)(2). In his supplemental motion, Harris argued that the district court[1] had the

_____

[1] The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

authority, under 18 U.S.C. §§ 3582(c) and 3553(a), to reexamine its previous decision under §5G1.3 of the Guidelines to make his federal sentence consecutive to his state sentence. The district court granted his motion for a reduction of sentence, but concluded it was without authority to revisit the consecutive versus concurrent sentencing decision. Accordingly, the district court reduced Harris's sentence to 144 months' imprisonment, but did not change the consecutive nature of the sentence.

On appeal, Harris argues that the district court erred in concluding that it was without authority to reconsider its previous decision, under § 5G1.3 of the Guidelines, to make Harris's federal sentence consecutive to his state sentence. Harris asserts that the district court originally sentenced him to a consecutive sentence because it believed he would be immediately turned over to federal custody. State authorities, however, had not turned Harris over to federal custody at the time of resentencing. As a result, Harris argues, the district court should evaluate the factors set out in § 3553(a) to determine if a concurrent sentence would now be more appropriate. The district court concluded that a resentencing pursuant to § 3582(c) is not a full resentencing and did not provide authority to adjust the consecutive nature of Harris's sentence. We review the district court's statutory interpretation and application of the Guidelines de novo. See United States v. Gamble, 2009 WL 2003982, at *1 (8th Cir. July 13, 2009).

We have previously explained that "proceedings under 18 U.S.C. § 3582(c)(2) and [section 1B1.10(a)(3)] do not constitute a full resentencing of the defendant" and are "not a do-over of an original sentencing proceeding." Gamble, 2009 WL 2003982, at *2. "Further, § 3582(c)(2) limits the district court's authority to 'reducing the term of imprisonment' under the amended guidelines." Id. (quoting § 3582(c)(2)). Of particular importance here is application note 2 to § 1B1.10, dealing with resentencing pursuant to § 3582(c)(2), which states that "[a]ll other guideline application decisions remain unaffected." Here, the district court's original decision to make Harris's sentence consecutive to his state court sentence was governed by §

5G1.3. Thus, the district court correctly concluded that it lacked jurisdiction to reexamine that decision under § 3582(c)(2).

Nonetheless, Harris argues that the district court's refusal to reexamine the consecutive nature of his sentence reflects its impermissible view that it was forbidden from considering the § 3553(a) factors in resentencing Harris. See United States v. Clark, 563 F.3d 722, 724 (8th Cir. 2009) (stating that the § 3553(a) factors "still guide the decision to modify a sentence"). Although the factors in § 3553(a) may inform a judge's original decision to make a sentence consecutive under § 5G1.3, such a decision is not reopened pursuant to § 3582(c)(2). Therefore the district court's analysis of the § 3553(a) factors is properly limited to that necessary to guide "the selection of an appropriate, amended sentence within the new [Guidelines] range." Clark, 563 F.3d at 724. Here, the district court considered the relevant § 3553(a) factors when determining the length of Harris's amended sentence, but properly declined to revisit the consecutive nature of the sentence. The district court correctly understood its authority. Further, a careful review of the record reveals that Harris's 144-month sentence was reasonable under the circumstances. The district did not err.

For the foregoing reasons, the judgment of the district court is affirmed.

_____