# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 08-3681

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Arkansas. |
| | * | |
| Floyd King, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

———————

Submitted: January 7, 2010
Filed: January 19, 2010

———————

Before BYE, BOWMAN, and BENTON, Circuit Judges.

———————

PER CURIAM.


In 2000, Floyd King pleaded guilty to possessing with intent to distribute crack cocaine, 21 U.S.C. § 841(a), and the District Court[1] sentenced him to 292 months in prison, the bottom of the applicable Guidelines range. Notably, King qualified as a career offender under U.S.S.G. § 4B1.1, but because the drug-quantity base offense level of 38 under U.S.S.G. § 2D1.1 was higher than the career-offender offense level,

———————————————

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

the drug-quantity base offense level was used.[2]  Later, the District Court granted the government's motion under Rule 35 of the Federal Rules of Criminal Procedure and reduced King's sentence by approximately 33% to 195 months in prison.

In 2008, King filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Guidelines Amendment 706, which provides for a 2-level reduction in the base offense level for crack cocaine offenses.  The District Court concluded that although application of Amendment 706 reduced King's base offense level from 38 to 36, the higher career-offender offense level of 37 applied because King qualified as a career offender.  See U.S.S.G. § 4B1.1 (directing sentencing courts to apply the career-offender offense level if it is greater than an otherwise applicable offense level).  Thus King's new Guidelines range was 262 to 327 months in prison.  After applying a 33% reduction to the bottom of the new Guidelines range, the court reduced King's sentence from 195 months to 175 months in prison.

King appeals, arguing that (1) the Rule 35 reduction made the career-offender provision inapplicable and the court should have calculated his new Guidelines range using a base offense level of 36, not 37; (2) U.S.S.G. § 1B1.10 (2009), the Guidelines provision on sentencing reductions under § 3852(c)(2), was rendered advisory by United States v. Booker, 543 U.S. 220 (2005); (3) section 1B1.10's limitation on the District Court's authority to reduce his sentence further was unconstitutional; and (4) he was entitled to a hearing to seek a greater reduction based on his exemplary post-conviction conduct and to challenge the merits of his career-offender status.

We conclude that all of King's arguments fail.  See United States v. Tolliver, 570 F.3d 1062, 1065 (8th Cir. 2009) (noting that a district court's modification of a sentence under § 3582(c)(2) is reviewed de novo).  First, the Rule 35 reduction did not

---

[2]The section 4B1.1 career-offender provision had the sole effect of raising King's Category IV criminal history to Category VI.

affect how Amendment 706 applied. See id. at 1066 (observing that where a defendant was originally sentenced as a career offender but the court later departed downward, the sentencing range for purposes of determining whether Amendment 706 applied was the pre-departure range).

Second, the District Court correctly calculated King's new Guidelines range. Had Amendment 706 been in effect at the time of King's original sentencing, his drug-quantity base offense level under section 2D1.1 would have been 36. Because the career-offender offense level of 37 was higher, it would have been used to calculate the appropriate Guidelines range. See U.S.S.G. § 1B1.10(b)(1) (noting that in determining whether and to what extent to reduce a defendant's sentence under § 3582(c) and Amendment 706, the court substitutes only the listed amendments for the corresponding Guidelines provisions that were applied at sentencing and leaves all other Guidelines application decisions unaffected); id. § 4B1.1 (directing sentencing courts to apply career-offender offense level if it is greater than an otherwise applicable offense level).

Third, Booker did not render section 1B1.10 advisory, and the limitation in that section on a district court's authority to reduce a prisoner's sentence is constitutional and enforceable. United States v. Starks, 551 F.3d 839, 841–43 (8th Cir.), cert. denied, 129 S. Ct. 2746 (2009). Finally, King was not entitled to a hearing to present evidence in support of a greater reduction, see id. at 843, or to challenge the merits of his career-offender status, see United States v. Harris, 574 F.3d 971, 972 (8th Cir. 2009) (holding that proceedings under § 3582(c)(2) and § 1B1.10 do not constitute full resentencing).

Accordingly, we affirm, and we grant counsel permission to withdraw.

_____