**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 12, 2010

Lyle W. Cayce
Clerk

No. 10-30290
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHN BENJAMIN HALEY,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:00-CR-20049-11

Before WIENER, PRADO and OWEN, Circuit Judges.

PER CURIAM:[*]

John Benjamin Haley, federal prisoner # 394469, pleaded guilty in 2000 to conspiracy to distribute cocaine base and cocaine. He was sentenced to a term of 216 months in prison, which represented a downward departure from the guidelines range of 292 to 365 months. The district court denied a request that the sentence run concurrent with a state sentence that Haley was then serving for a probation revocation, concluding that it lacked authority to do so. In 2009, the district court granted a motion by Haley to reduce his sentence pursuant to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30290

18 U.S.C. § 3582(c)(2) based on amendments to the Sentencing Guidelines that reduced base offense levels for cocaine base offenses. Haley again requested that the court order his sentence to run concurrently with his undischarged state sentence.   The district court determined that it lacked authority under § 3582(c)(2) and the relevant Sentencing Commission policy statements to do so. Haley now appeals that determination.

As the Supreme Court and this court have made clear, a § 3582(c)(2) proceeding is not a full resentencing; rather, it is an opportunity for a sentence reduction based on limited circumstances prescribed by the Sentencing Commission and consistent with the Commission's policy statements. *Dillon v. United States*, 130 S. Ct. 2683, 2691-94 (2010); *United States v. Doublin*, 572 F.3d 235, 236-39 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009).   In light of the limited nature of a § 3582(c)(2) proceeding, a district court may not revisit mistakes committed at the initial sentencing.   *Dillon*, 130 S. Ct. at 2694. Further, the policy statements expressly state that the court "'shall substitute only'" the amended guidelines range for the original range and "'shall leave all other guideline application decisions unaffected.'"   *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)).

Haley acknowledges *Dillon* but argues that there is nothing in the policy statement that prohibits a district court from considering whether a reduced sentence should be ordered to run concurrently or consecutively to an undischarged term of imprisonment.   According to Haley, that authority is granted under 18 U.S.C. § 3584, which is not referenced by the policy statement in § 1B1.10.

Haley's arguments run headlong into the plain language of § 3582(c)(2) and *Dillon*.   Nothing in the statute indicates that a court may modify other aspects of the sentence, and *Dillon* makes pellucid that § 3582(c)(2) merely "permits a sentence reduction within the narrow bounds established by the Commission." *Dillon*, 130 S. Ct. at 2694.   In addition, the relevant policy

statement permits a court only to substitute the amendments, leaving all other guideline applications unaffected. Thus, neither the statute nor the relevant policy statement permits a district court to do anything other than grant a reduction based on amendments to the Sentencing Guidelines.

Although we have not addressed the precise issue here, the answer is necessarily dictated by *Dillon* and § 3582(c)(2), and it is consistent with the approach of at least one other circuit, whose reasoning we find persuasive. *See United States v. Harris*, 574 F.3d 971, 973 (8th Cir. 2009). In short, because the concurrent sentencing issue Haley raises was unaffected by the amendments to the Sentencing Guidelines, the district court correctly concluded that it lacked authority under § 3582(c)(2) to address the issue. *See Dillon*, 130 S. Ct. at 2694.

The judgment of the district court is AFFIRMED.