NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0572n.06

No. 10-1085

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

LARONE MILLS,

    Defendant-Appellant.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

_____/

Before:      GIBBONS, STRANCH, and ROTH,[*] Circuit Judges.

JANE R. ROTH, Circuit Judge. Larone Mills appeals the denial of his motion pursuant to 18 U.S.C. § 3582(c)(2) for modification of his consecutive mandatory minimum sentences for distribution of crack cocaine and conspiracy to possess powder cocaine. Mills's motion was based on Amendment 706 to the Sentencing Guidelines lowering the guideline range for crack cocaine. Mills acknowledged that his adjusted crack cocaine sentence would still be below the mandatory minimum sentence required by 21 U.S.C. § 841, and thus could not be changed, but argued that his consecutive sentences should be made concurrent in light of the reduced guidelines range. The District Court denied Mills's motion, concluding that 18 U.S.C. § 3582(c)(2) did not authorize the modification Mills sought. Because the amended guideline on which Mills relies is separate from the guideline governing whether Mills's mandatory minimum sentences should be consecutive or

_____

[*]The Honorable Jane R. Roth, Circuit Judge for the United States Court of Appeals for the Third Circuit, sitting by designation.

concurrent, consideration of this separate guideline was not authorized by § 3582(c)(2). Accordingly, the District Court properly concluded that it lacked authority to consider Mills's sentencing motion and we therefore affirm the denial of his motion.

## I.

In January 2000, Mills pleaded guilty to distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1). In June 2000, the District Court sentenced Mills to 135 months imprisonment. Mills appealed and this Court vacated the sentence and remanded for re-sentencing, concluding that the District Court had erroneously believed that it lacked authority to depart downward from the sentencing guidelines. *United States v. Mills*, 27 F.App'x 391, 392 (6th Cir. 2001). While Mills was on pretrial release, he committed another offense and was charged with conspiracy to possess over 500 grams of cocaine powder with intent to distribute. Mills pleaded guilty to the conspiracy charge pursuant to a Rule 11 plea agreement covering both his conspiracy offense and re-sentencing for his previous distribution offense. The plea agreement limited Mills's sentence on the conspiracy charge to 63 months and limited his sentence on the cocaine distribution charge from the previous indictment to 121 months, but did not specify whether the sentences would be served consecutively or concurrently.

In April 2003, the District Court sentenced Mills to 120 months for distributing more than 50 grams of crack cocaine, the minimum sentence required by 21 U.S.C. § 841(a)(1)(A)(iii), and to 60 months for the conspiracy offense, the minimum sentence required by §§ 841(a)(1)(B)(ii), 846, with the sentences to run concurrently. The District Court determined that Mills's offense level was 31 and his criminal history category was III, yielding a guideline range of 135 to 168 months. In an

amended judgment, the court determined that the minimum sentences should run consecutively. Mills did not appeal this sentence.

In November 2007, the United States Sentencing Commission adopted Amendment 706 to U.S.S.G. § 2D1.1, which reduced by two levels the base offense level for crack cocaine offenses. U.S.S.G., Supp. to App'x C, at 226 (Nov. 1, 2008). The amendment was made retroactive. U.S.S.G. § 1B1.10(c). Mills thereafter moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), which provides that

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Under the amended guidelines, Mills's offense level would be reduced from 31 to 29, resulting in a guideline range of 108 to 135 months. Mills acknowledged that both of his sentences were set at the statutory minimum and could not be reduced, but argued that the court should make his two sentences concurrent, rather than consecutive, thereby reducing his ultimate sentence from 180 months to 120 months. Mills relied on U.S.S.G. § 5G1.2, arguing that the 120-month concurrent sentence was within the guidelines range while his consecutive 180-month sentence significantly exceeded the guidelines range. The District Court denied Mills's motion, concluding that 18 U.S.C. § 3582(c)(2) did not authorize it to modify his sentence in the manner he requested.

**II.**

We generally review a district court's ruling on a motion for modification of sentence under 18 U.S.C. § 3582(c)(2) for abuse of discretion. *United States v. Johnson*, 569 F.3d 619, 623 (6th Cir. 2009). But where, as here, the lower court concludes that it lacks authority to modify a sentence under § 3582(c)(2), we review this legal conclusion *de novo*. *Id.*

Modification of a sentence under § 3582(c)(2) is an exception to the general rule that a district court "may not modify a term of imprisonment once it has been imposed . . . ." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 130 S. Ct. 2683, 2687 (2010). This exception is limited, permitting modification only to the extent "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c); *see also United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009) ("When Congress granted the district courts authority to reduce otherwise valid sentences pursuant to § 3582(c)(2), it explicitly restricted judicial discretion by incorporating the Commission's policy statements, which limit the extent of the reduction . . . .").

The Sentencing Commission's policy statements are set forth in U.S.S.G. § 1B1.10, which states that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant." U.S.S.G. § 1B1.10(a)(3). Rather, the district court should only substitute the amended guideline provision for the provision applied at the time of the defendant's sentencing, and "shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). As the Supreme Court has recently explained in the context of a motion for modification of sentence based on Amendment 706, this means that motions to modify "aspects of [a] sentence that . . . were not affected by the Commission's amendment to § 2D1.1 . . . are outside

the scope of the proceeding authorized by § 3582(c)(2)," and should not be addressed by a district court. *Dillon*, 130 S. Ct. at 2694. But as Mills's modification motion acknowledged, whether the sentences for his drug offenses should run consecutively or concurrently is governed not by U.S.S.G. § 2D1.1, but by § 5G1.2, a separate guideline provision that was not changed by Amendment 706. *See* U.S.S.G., Supp. to App'x C, at 226-29 (Nov. 1, 2008).[1] Accordingly, U.S.S.G. § 1B1.10(b)(1) requires that the District Court's previous application of § 5G1.2 be left "unaffected." *See Dillon*, 130 S. Ct. at 2694; *United States v. Harris*, 574 F.3d 971, 972 (8th Cir. 2009) (defendant could not seek modification of crack cocaine sentence based on Amendment 706 where reason for changing his sentence was based on U.S.S.G. § 5G1.3, and not the amended § 2D1.1). The modification Mills seeks is not consistent with the policy of the Sentencing Commission articulated in U.S.S.G. § 1B1.10 and therefore not authorized by § 3582(c)(2).

Mills argues that § 3582(c)(2) nevertheless authorized consideration of his motion because the statute directs the court to consider the sentencing factors in 18 U.S.C. § 3553(a) and those factors support the modification of sentence he seeks. But the statute directs the court to consider the section 3553(a) factors only "to the extent that they are applicable" and does not authorize plenary resentencing. Rather, the statute "permits a sentence reduction within the narrow bounds established by the Commission." *Dillon*, 130 S. Ct. at 2694. As we have explained, Mills's motion is outside those bounds. Mills also points out that we have upheld broad modifications of sentences

---

[1] Amendment 706 was subsequently modified by Amendments 711 and 715, which also apply retroactively. *See* U.S.S.G. § 1B1.10(c). Neither of these later amendments changes U.S.S.G. § 5G1.2. *See* Amendments 711 and 715, U.S.S.G., Supp. to App'x C, at 241-43, 255-58 (Nov. 1, 2008).

in *United States v. Clark*, 110 F.3d 15, 18 (6th Cir. 1997), and *United States v. Gainous*, 134 F.3d 372 (6th Cir. 1997) (*per curiam*) (unpublished table decision).  But as we recently explained, *Clark* and *Gainous* predate Amendment 712 to § 1B1.10, which significantly narrowed the scope of resentencing under § 3582(c)(2), and thus are no longer authoritative on this point.  *See Washington*, 584 F.3d at 700.

### III.

The District Court correctly concluded that 18 U.S.C. § 3582(c)(2) does not authorize the sentence modification Mills seeks and we therefore **AFFIRM** the order of the District Court denying his motion for modification of sentence.