# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3141

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Southern |
| | * | District of Iowa. |
| Joseph Eugene Robinson, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: May 29, 2012
Filed: June 6, 2012

_____

Before SMITH, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.


Joseph Robinson was found guilty by a jury of conspiracy to distribute at least 5 grams of a mixture or substance containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii), and 846. Following our remand,[1] the district court[2] sentenced Robinson to a below-Guidelines-range prison term of 180 months, and a

---

[1]See United States v. Robinson, 639 F.3d 489, 498 (8th Cir. 2011).

[2]The Honorable James E. Gritzner, Chief Judge, United States District Court for the Southern District of Iowa.

supervised-release term of ten years. On appeal, his counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district court erred in its drug-quantity finding, and suggesting that Robinson's prison term is unreasonable. Robinson has filed two pro se supplemental briefs in which he raises several issues related to his jury trial, asserts a claim of ineffective assistance of counsel, argues that the district court erred in treating his Iowa drug tax stamp conviction as a prior felony drug conviction for purposes of 21 U.S.C. § 841(b)(1), and suggests that his supervised-release term is unreasonable.

With regard to counsel's arguments, we conclude that the district court's drug-quantity finding was not clearly erroneous, see United States v. Willis, 433 F.3d 634, 635-36 (8th Cir. 2006) (drug-quantity finding reviewed for clear error; appellate court may reverse only upon definite and firm conviction that district court was mistaken; concluding that district court's drug-quantity finding was not clearly erroneous where determination was largely based upon testimony regarding drug transactions), and that the court imposed a substantively reasonable prison term, see United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (sentencing decision is reviewed under deferential abuse of discretion standard, first ensuring that district court committed no significant procedural error, and then considering substantive reasonableness of sentence).

With regard to Robinson's pro se arguments, we decline to address the trial-related issues, see United States v. Walterman, 408 F.3d 1084, 1085 (8th Cir. 2005) (issues outside scope of remand generally not considered in subsequent appeal), and the ineffective-assistance claim, see United States v. Looking Cloud, 419 F.3d 781, 788-89 (8th Cir. 2005) (ineffective-assistance claims are generally better raised in habeas proceedings); and we conclude that there is no merit to his challenges to the designation of his drug tax stamp conviction, see United States v. Coleman, 556 F.3d 851, 853 (8th Cir. 2009), and the reasonableness of his supervised-release term, see 21 U.S.C. § 841(b)(1)(A)(iii) (2010); U.S.S.G. § 5D1.2(c).

Having independently reviewed the resentencing portion of the record under Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issue. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____