# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1271
_____

United States of America

*Plaintiff - Appellee*

v.

Derek Isaac Allmon, Sr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: September 21, 2012
Filed: December 28, 2012

_____

Before MELLOY, BEAM, and BENTON, Circuit Judges.

_____

BEAM, Circuit Judge.

Derek Allmon appeals the district court's order modifying his communication restriction imposed pursuant to 18 U.S.C. § 3582(d). Allmon argues the district court did not have jurisdiction to make such a modification without a motion from the Director of the Bureau of Prisons ("BOP") or the United States attorney, and there was not probable cause to justify the modification under § 3582(d). We vacate the district

court's March 15, 2010, order, and all subsequent orders to the extent they enforce the restrictions imposed by the March 15, 2010, order.

## I. BACKGROUND

On April 4, 2006, a jury convicted Allmon on multiple counts for his involvement in a drug trafficking operation and a conspiracy to kill a witness. On June 15, 2006, he was sentenced to imprisonment for life. Four days after sentencing, the district court granted the government's motion to restrict Allmon's mail privileges by prohibiting him from communicating directly or indirectly with 29 named individuals and requiring that all communications directed to the persons listed in the order be confiscated and forwarded to the United States Attorney for the Eastern District of Arkansas. Allmon appealed his sentence, and we affirmed the district court's judgment. United States v. Allmon, 500 F.3d 800, 808 (8th Cir. 2007). Allmon did not appeal the communication restriction.

On November 13, 2007, Allmon asked the district court to amend its order restricting his communications. Allmon requested the court modify its order so that he could communicate with his daughter, Modesti, and his brother, Kevin Allmon. The district court granted Allmon's request on March 12, 2008.

On March 15, 2010, the district court sua sponte ordered more stringent restrictions on Allmon's communications. The district court noted that Allmon attempted to circumvent, and in at least one instance did circumvent, its original order restricting his communications.[1] Acting under § 3582(d), the district court ordered that Allmon "communicate, via mail or phone, with only his counsel of record"; that

---

[1] The district court relied on evidence submitted in another case, Allmon v. Bureau of Prisons, No. 08-cv-01183-ZLW-CBS, 2010 WL 2163773 (D. Colo. May 26, 2010).

Allmon's "[c]ounsel of record may distribute legal materials to third parties only for the purpose of providing necessary legal services related to Defendant's post-sentencing proceedings"; and finally, that Allmon "may not receive the Arkansas Democrat Gazette, nor any other publication from central Arkansas." In its order, the district court weighed Allmon's First Amendment rights against the interest of protecting human lives and concluded that these more stringent restrictions were necessary.

Allmon filed numerous pro se motions, including a motion for reconsideration, objecting to the district court's March 15, 2010, order. On February 25, 2011, the district court, after detailing its reasoning for the heightened restrictions, concluded its restrictions remained in effect, except Allmon could subscribe to magazines and newspapers excluding the Arkansas Democrat Gazette. Thereafter, the district court continued to deny Allmon's numerous challenges to the March 15, 2010, order. The district court issued its final denial on January 12, 2012. Allmon appeals.

Allmon argues that the district court did not have jurisdiction to sua sponte further restrict his communications, and that there was not probable cause, as required by § 3582(d), to support the district court's order.

## II.  DISCUSSION

Allmon argues that the district court did not have jurisdiction to add a communication restriction without a motion from the Director of the BOP or the United States attorney. Sentencing courts may impose communication restrictions under 18 U.S.C. § 3582(d):

> The court, in imposing a sentence to a term of imprisonment upon a defendant convicted of a felony set forth in chapter 95 (racketeering) or 96 (racketeer influenced and corrupt organizations) of this title or in the Comprehensive Drug Abuse Prevention and Control Act of 1970 (21

U.S.C. 801 et seq.), or at any time thereafter *upon motion by the Director of the Bureau of Prisons or a United States attorney*, may include as a part of the sentence an order that requires that the defendant not associate or communicate with a specified person, other than his attorney, upon a showing of probable cause to believe that association or communication with such person is for the purpose of enabling the defendant to control, manage, direct, finance, or otherwise participate in an illegal enterprise.

(emphasis added).

The government argues that § 3582(d) requires a motion only when the court, for the first time, imposes a restriction after sentencing has occurred. The government contends, therefore, that because the district court ordered the communication restriction at the initial sentencing, the court could act without a motion from the Director of the BOP or the United States attorney and modify its restrictions at anytime thereafter. The government reads the statute as contemplating two scenarios: first, granting the district court the authority to add a communication restriction at the time of sentencing with or without a motion; and, second, requiring a motion only if the communication restriction is added for the first time after the initial sentencing. The government argues, then, that because the court issued the communication restriction at the initial sentencing, the district court retained jurisdiction to alter the restriction after sentencing at any time, without a motion. Allmon, on the other hand, reads the statute as requiring a motion for further restriction at all times following the initial sentencing. We agree with Allmon.

Whether § 3582(d) requires a motion by the Director of the BOP or the United States attorney is a question of statutory interpretation, a question of law that we review de novo. United States v. Harris, 574 F.3d 971, 972 (8th Cir. 2009). "When interpreting a statute, we first look to its plain language. We examine the text of the statute as a whole by considering its context, object, and policy. When the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is

complete." United States v. Mann, Nos. 11-1500, 11-2187, 2012 WL 6049716, at *3 (8th Cir. Dec. 6, 2012) (internal quotations and citations omitted).

The plain language of § 3582(d) is unambiguous. Section 3582(d) allows the sentencing court to include a communication restriction either when "imposing a sentence . . . or at any time thereafter upon motion by the Director of the [BOP] or a United States attorney." 18 U.S.C. § 3582(d). Accordingly, § 3582(d) requires a motion by the Director of the BOP or a United States attorney when a communication restriction is imposed under § 3582(d) after the initial sentencing, no matter whether the court is imposing the restriction the first time or modifying an already-existing restriction.

Generally, sentencing courts have "almost unfettered discretion" in determining sentences. Misretta v. United States, 488 U.S. 361, 364 (1989); see, e.g., United States v. Ruelas-Mendez, 556 F.3d 655, 658 (8th Cir. 2009) (noting the "considerable discretion available to a sentencing court" when considering 18 U.S.C. § 3553(a) factors); United States v. Mosley, 672 F.3d 586, 589 (8th Cir. 2012) (noting sentencing courts' broad discretion in setting terms of supervised release). Congress, however, "has the power to fix . . . the scope of judicial discretion with respect to a sentence." Misretta, 488 U.S. at 364. With that power, Congress has limited sentencing courts' authority after a sentence is imposed. United States v. Tingle, 524 F.3d 839, 840 (8th Cir. 2008) (per curiam) (stating courts "may not modify a term of imprisonment once it has been imposed" (quotation omitted)); see also Wheeler v. United States, 640 F.2d 1116, 1121 (9th Cir. 1981) ("Generally, the trial judge has no authority over the defendant once [a] sentence has been entered.").

Section 3582(d) explicitly allows the sentencing court to impose a communication restriction "at some time *other* than sentencing." Dolan v. United States, 130 S.Ct. 2533, 2545 (2010) (Roberts, J. dissenting). It is clear that through § 3582(d), Congress has provided the sentencing court the authority to impose

communication restrictions after sentencing, but the statute further states it may do so: "upon motion by the Director of the [BOP] or a United States attorney." 18 U.S.C. § 3582(d). Thus § 3582(d) requires a motion by the Director of the BOP or a United States attorney to invoke the district court's authority to impose a communication restriction after sentencing. The sentencing court may not, upon its own motion, invoke this same authority.

The government urges us to apply the Second Circuit's reasoning employed in United States v. Felipe, 148 F.3d 101 (2d Cir. 1998). There, Luis Felipe was convicted on several racketeering charges and sentenced to life imprisonment. Id. at 105-06. As a part of his sentence, the district court imposed "special conditions of confinement," including a restriction on Felipe's ability to correspond with anyone except his attorney and close family members. Id. at 107. The district court later altered the communication restriction in response to Felipe's motion to vacate and set aside the sentence, broadening the restriction to include a few additional individuals not previously contemplated by the restriction. Id. The court otherwise denied Felipe's motion to vacate the sentence and the court also denied a later request by Felipe to have the restriction amended. Id.

Felipe appealed, claiming the district court did not have authority to implement such conditions of confinement and that the conditions violated his constitutional rights. Id. at 109. The Second Circuit concluded (1) that the sentencing court had the authority to impose the restrictions even though the order failed to enumerate each individual Felipe was prohibited from communicating with, and (2) the conditions did not violate his constitutional rights. Id. at 109-10.

Felipe is distinguishable. In Felipe, the sentencing court imposed the communication restriction at sentencing and altered the communication restriction in response to Felipe's motion, rather than on its own motion, as is this case. Id. at 107. Arguing that the district court retained jurisdiction to impose the restrictions at issue

here, the government highlights the Second Circuit's statement that the communication restrictions in <u>Felipe</u> were appropriate because "the same district judge has retained jurisdiction over Felipe's case to consider either his [Felipe's] or [the BOP's] applications to modify the conditions on the basis of any change of circumstances or for any other just cause." <u>Id.</u> at 111. This statement, however, only highlights our own determination in this case–that a district court may only alter a restriction already imposed upon motion by the Director of the BOP or a United States attorney.[2] Here, the sentencing court imposed the restriction currently at issue upon its own motion, a situation not contemplated by <u>Felipe</u>.

Our ruling in no way impacts a sentencing court's inherent sentencing authority, nor does it infringe upon the BOP's power.[3] Rather, we apply § 3582(d) as written. We recognize that Congress provided the sentencing court authority to issue a communication restriction post-sentencing, but also limited the sentencing court's authority. We simply hold that the plain language of § 3582(d) requires a motion from the Director of the BOP or a United States attorney in order to restrict an inmate's communications at any time after sentencing. And because no such motion was filed, we decline to address Allmon's final question, whether the evidence was sufficient to find the necessary probable cause to support further restriction on Allmon's communication.

---

[2] <u>Felipe</u> may also stand for the proposition that a sentencing court may alter already-imposed restrictions upon motion by the defendant. 148 F.3d at 111. However, because the restrictions currently challenged by Allmon were not imposed in response to Allmon's motion, that is a matter we need not contemplate.

[3] <u>See, e.g.</u>, 28 C.F.R. § 540.15 which allows wardens to restrict an inmate's general correspondence.

## III. CONCLUSION

For the forgoing reasons we vacate the district court's March 15, 2010, order, and all subsequent orders to the extent they enforce the restrictions imposed by the March 15, 2010, order, leaving in place the district court's amended order of March 12, 2008.

_____