# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-3654

_____

United States of America

*Plaintiff - Appellee*

v.

Brian Christopher Young

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: April 11, 2016
Filed: June 16, 2016
[Unpublished]

_____

Before RILEY, Chief Judge, WOLLMAN and MURPHY, Circuit Judges.

_____

PER CURIAM.

Brian Christopher Young appeals the 77-month sentence imposed by the district court[1] after he pleaded guilty to one count of conspiracy to distribute and

_____

[1] The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

possess with intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. At sentencing, Young argued for a downward departure under United States Sentencing Guidelines (U.S.S.G.) § 5K2.23, which would have credited against his federal sentence the 24-month discharged sentence he previously served in state custody for related conduct. The district court declined to grant the requested departure, and Young argues that the court abused its discretion and imposed a substantively unreasonable sentence. We affirm.

Young first argues that the district court failed to consider his request for credit under § 5K2.23. This assertion is belied by the record. Young's attorney filed a sentencing memorandum outlining his argument for a departure under § 5K2.23, and the district court stated that it had considered that argument. Young's attorney also discussed the motion at length during the sentencing hearing. The district court acknowledged the request, stating that it understood "[c]ounsel's argument as to [Young's] conduct and the state," but the court concluded that a 77-month sentence was "sufficient but not greater than necessary." At the end of the sentencing hearing, Young's counsel revisited the issue, confirming for the record that the district court had denied Young's request for credit for time served in state custody. The district court acknowledged that it had "rejected the argument." In light of this record, we conclude that the court gave due consideration to Young's argument for a § 5K2.23 downward departure.

Young next contends that he was entitled to credit under § 5K2.23 for his discharged term in state prison because he would have qualified for credit under U.S.S.G. § 5G1.3 had the term been undischarged. Thus, he argues, the district court abused its discretion by denying his motion for a departure. "We have repeatedly held that when a district court is aware of its discretion to depart downward [under the Guidelines] and elects not to exercise this discretion, then that decision is unreviewable." United States v. Watson, 480 F.3d 1175, 1177 (8th Cir. 2007); see also United States v. Wanna, 744 F.3d 584, 589 (8th Cir.), cert. denied, 135 S. Ct. 125

(2014). The district court recognized its authority to depart under § 5K2.23 in this case but declined to exercise that authority. That decision is unreviewable. <u>See</u> <u>United States v. Woods</u>, 596 F.3d 445, 449 (8th Cir. 2010) ("[W]e have no authority to review the district court's denial of . . . a downward departure [when a defendant] does not argue that the court had an unconstitutional motive in denying his request and [when] the court recognized that it had the authority to depart downward." (quoting <u>United States v. Anderson</u>, 570 F.3d 1025, 1034 (8th Cir. 2009))).

Moreover, the district court did not impose a substantively unreasonable sentence. <u>See</u> <u>United States v. Coleman</u>, 556 F.3d 851, 853 (8th Cir. 2009) (noting that all sentences are reviewed "under a deferential abuse-of-discretion standard") (quoting <u>Gall v. United States</u>, 552 U.S. 38, 41 (2007)). Young's 77-month sentence was at the bottom of the properly calculated Guidelines range, and the court explained in detail why the § 3553(a) sentencing factors weighed in favor of that sentence. After discussing the nature and circumstances of the crime; Young's criminal history, including the fact that he committed his federal offense while serving a term of probation from his state conviction; the need for general and specific deterrence; and the need to promote respect for the law, the court ultimately determined that a 77-month sentence was appropriate. The court did not abuse its discretion in making that determination based on these factors.

The judgment is affirmed.

_____