CLD-174                                                   NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2840
_____

UNITED STATES OF AMERICA

v.

OMARI HOWARD PATTON,
also known as "O"

Omari Howard Patton,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Crim. No. 02-cr-00093-001)
District Judge:  Honorable Donetta W. Ambrose

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 10, 2016

Before:  FISHER, JORDAN and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 17, 2016)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

Omari Howard Patton, a federal prisoner proceeding pro se, appeals from the District Court's judgment of sentence imposed pursuant to Patton's motion filed under 18 U.S.C. § 3582(c)(2). We will affirm the District Court's judgment.

In 2004, a federal jury found Patton guilty of numerous felony drug offenses, including conspiracy to distribute one kilogram or more of heroin, five kilograms or more of cocaine, and fifty grams or more of cocaine base; possession with intent to distribute fifty grams or more of cocaine base; and possession with intent to distribute 100 grams or more of heroin. At sentencing, the District Court found that Patton was accountable for ten kilograms of heroin and 600 grams of cocaine base, which corresponded with a base offense level of 36 under the United States Sentencing Guidelines then in effect. Patton's final offense level was established at level 38, with a criminal history category of IV, resulting in the Guideline range of 324 to 405 months. The District Court imposed an aggregate sentence of 360 months. We affirmed on direct appeal. United States v. Patton, 292 F. App'x 159 (3d Cir. 2008) (not precedential).

Patton since has pursued a series of unsuccessful challenges to his sentence by way of motions under 28 U.S.C. § 2255, Rule 36 of the Federal Rules of Criminal Procedure, and 18 U.S.C. § 3582(c)(2), which authorizes a district court to reduce the sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."[1]

---

constitute binding precedent.

[1] Patton's appeal from the District Court's 2016 denial of § 3582(c)(2) relief is currently

However, pertinent to this appeal, Patton has succeeded in pursuing § 3582(c)(2) relief. In July 2015, through appointed counsel, Patton filed his § 3582(c)(2) motion on the basis of Amendment 782 to the Sentencing Guidelines, which reduced the offense levels assigned to most drug quantities under U.S.S.G. § 2D1.1(c) by two levels. See U.S.S.G. § 2D1.1(c), Amends. 782, 788 (2014). With his final offense level reduced to 36, with a corresponding amended guideline range of 262 to 327 months, Patton argued for a reduction of his aggregate sentence to 262 months. The government conceded Patton's eligibility for a sentence reduction but argued for a 295-month sentence, noting that a 295-month sentence fell in the middle of the guideline range, as Patton's original sentence did. In a text-only order, the District Court granted Patton's § 3582(c)(2) motion. The District Court entered an amended judgment, reducing Patton's sentence to 294 months.

Patton appeals pro se from the amended judgment. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of the District Court's interpretation of the Sentencing Guidelines and review the decision to grant or deny a § 3582(c)(2) motion for abuse of discretion. See United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). We review the resulting sentence for reasonableness. See United States v. Styer, 573 F.3d 151, 154-55 (3d Cir. 2009). We may summarily affirm the

pending at C.A. No. 16-1199. His other appeals have been unsuccessful. See, e.g., C.A. Nos. 15-3125, 15-2337, and 14-4157.

3

District Court's decision if an appeal presents no substantial question. 3d Cir. LAR 27.4 and I.O.P. 10.6.

Patton has filed a response in opposition to this Court's notice concerning possible summary affirmance, arguing that the District Court erred by failing to issue a written opinion as to why his sentence was not modified to a term at the low end of the Sentencing Guideline range, as requested by counsel on his behalf in his § 3582(c)(2) motion. We disagree with Patton's assertion that this court cannot properly evaluate the District Court's exercise of discretion in the absence of a written opinion concerning the modified sentence. At the outset, we note that Section 3582(c)(2) "does not authorize a resentencing," but only "permits a sentence reduction within the narrow bounds established by the [United States Sentencing] Commission." Dillon v. United States, 560 U.S. 817, 831 (2010). [2] The consideration of § 3553(a) sentencing factors when determining whether to grant a reduction does not transform the limited nature of the matter into plenary proceedings. See id., 560 U.S. at 827.

Here, the District Court's July 21, 2015 order granting § 3582(c)(2) relief stated that the motion was granted after "having considered such motion and taking into account the policy statement set forth at USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable." Upon review of the record, we conclude that this statement suffices for these § 3582(c)(2) proceedings. Patton's

---

[2] To the extent that Patton believes that the District Court should have considered his pro se arguments concerning the original drug quantity findings, Dillon makes clear that this

reduced sentence is mid-range, consistent with his initial mid-range sentence. See United States v. Clark, 563 F.3d 722, 724-25 (8th Cir.2009) (initial and modified sentences were both at the top of the range; brief mention in the district court's order regarding the consideration of § 3553(a) factors is sufficient for § 3582(c)(2) sentence modification). Patton points to no evidence that the District Court failed to consider any particular factors in modifying his sentence. Indeed, his § 3582(c)(2) motion presented no new reasons for the District Court to consider a modified sentence at the low-end of the amended range. Moreover, the same judge presided over Patton's initial sentencing and his § 3582(c)(2) motion; the transcript of Patton's 2005 sentencing hearing reflects consideration of factors including Patton's criminal history and the nature of the offense. Given the limited nature of § 3582(c)(2) relief and the fact that the District Court reduced Patton's sentence proportionally, we discern no error by the District Court in failing to issue an opinion concerning Patton's modified sentence. See United States v. Smalls, 720 F.3d 193, 196 (4th Cir. 2013) (no error found in failing to provide a full explanation for § 3582(c) decision, when no new factors were presented, and the sentencing judge granted a proportional reduction).

For the foregoing reasons, we conclude that this appeal presents no substantial question. Accordingly, we will summarily affirm the District Court's order. See 3d Cir. LAR 27.4 and I.O.P. 10.6. Patton's motion for leave to file his summary action response

---

issue is outside the scope of § 3582(c)(2) proceedings. See Dillon, 560 U.S. at 831.

out of time is granted, and we have considered his response. Patton's motion for appointment of counsel is denied.