**BLD-006**                                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2986
_____

UNITED STATES OF AMERICA

v.

OMARI HOWARD PATTON

Omari Patton,

Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Crim. No. 2-02-cr-00093-001)
District Judge:  Honorable Donetta W. Ambrose
_____

Submitted for a Decision on the Issuance of a Certificate of Appealability or
for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 6, 2016

Before: AMBRO, GREENAWAY, JR., and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 3, 2016)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

In 2004, a federal jury found Omari Patton guilty of multiple drug crimes. He was sentenced to 360 months in jail. We affirmed on direct appeal. See United States v. Patton, 292 Fed. App'x 159 (3d Cir. 2008). All of Patton's subsequent motions to vacate under 28 U.S.C. § 2255, to correct under Fed. R. Crim. P. 36, for sentence reduction under 18 U.S.C. § 3582(c)(2), and to file successive collateral attacks under 28 U.S.C. § 2244, have failed, with one exception: the District Court granted Patton's July 2015 motion under § 3582(c)(2)—based on an amendment (No. 782) to offense levels for most drug quantities under U.S.S.G. § 2D1.1(c)—and reduced his sentence to 294 months. See ECF No. 1154, aff'd United States v. Patton, 644 Fed. App'x 125 (3d Cir. 2016).

In June 2016, Patton wrote a letter to the District Court complaining that the written statement of reasons justifying his new sentence and accompanying the amended judgment was incomplete. See ECF No. 1178. Patton requested "a complete statement of reason[s] or in the alternative vacate the sentence to give concrete reasons for the sentence." By order entered June 14, 2016, the District Court denied Patton's request, noting that Patton was indeed provided a complete statement of reasons, and that page three of the statement was left blank (Patton's primary gripe) only because the District Court "already provided the reasons for Patton's sentence on page one" and no additional space was needed to articulate its rationale. See ECF No. 1179. Patton timely appealed.

Our clerk advised the parties that we would consider whether a certificate of appealability ("COA") is required for this appeal, but we conclude that a COA is

2

unnecessary. Although Patton's June 2016 letter to the District Court contained an alternative request to "vacate" Patton's new sentence and supply a complete statement of reasons therefore, the letter did not "claim[] the right to be released" from custody. 28 U.S.C. § 2255(a). Nor was the letter capable of precipitating a release from custody since all Patton desired was the District Court's re-sentencing rationale in writing. We thus agree with Patton's submission on appeal that the underlying District Court order did not dispose of a motion under § 2255 (or a related motion), and determine as a result that no COA is needed to pursue this appeal. We deny Patton's request to "remand the case" because we are, as he originally requested in filing this appeal, reviewing the District Court's June 14, 2016 order.

We exercise jurisdiction under 28 U.S.C. § 1291. Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6, we may summarily affirm where an appeal presents no substantial question. This is such an appeal. Patton admits that he received a written statement of reasons supporting his modified sentence. And we recently found the form in which the District Court expressed the new sentence, as well as its supporting rationale, to be sufficient. See 644 Fed. App'x at 127-28; cf. Antonioli v. Lehigh Coal & Navigation Co., 451 F.2d 1171, 1178 (3d Cir. 1971) ("A second appeal may not be used to raise questions in the same case already put at rest by the same court upon a prior appeal."). Accordingly, we will summarily affirm the District Court's June 14, 2016 order.

3